STATE OF CONNECTICUT v. CHESTER PILCH

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 538

Argued October 19—decided December 23, 1977

*Andrew G. Messina, Jr.,* for the appellant (defendant).

*John H. Malone,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant pleaded guilty to a one count information charging him with the crime of issuing a bad check in violation of General Statutes § 53a-128.[1] In imposing sentence the trial court ordered the defendant committed to the custody of the commissioner of correction for a period of thirty days, but suspended the execution, committed him to the custody of the probation department for two years, and ordered restitution in the amount of $2862. That sum was the amount of the bad check issued by the defendant. The defendant has appealed claiming error in this sentence.

The defendant did not file a request for a finding or a draft finding and consequently no finding was made. The defendant argues that no finding is necessary because the errors claimed are, he maintains, apparent on the face of the record. If error appears on the face of the record, no finding is necessary.

---

[1] "[General Statutes] Sec. 53a-128. ISSUING A BAD CHECK: CLASS A MISDEMEANOR. (a) A person is guilty of issuing a bad check when: (1) As a drawer or representative drawer, he issues a check knowing that he or his principal, as the case may be, does not then have sufficient funds with the drawee to cover it, and (A) he intends or believes at the time of issuance that payment will be refused by the drawee upon presentation, and (B) payment is refused by the drawee upon presentation; or (2) he passes a check knowing that the drawer thereof does not then have sufficient funds with the drawee to cover it, and (A) he intends or believes at the time the check is passed that payment will be refused by the drawee upon presentation, and (B) payment is refused by the drawee upon presentation.

"(b) For the purposes of this section, an issuer is presumed to know that the check or order, other than a postdated check or order, would not be paid, if: (1) The issuer had no account with the drawee at the time the check or order was issued; or (2) payment was refused by the drawee for insufficient funds upon presentation within thirty days after issue and the issuer failed to make good within eight days after receiving notice of such refusal."

Practice Book, 1963, § 567A; Maltbie, Conn. App. Proc. § 126. The defendant contends in his assignments of error that, in imposing sentence, the court erred (a) by ordering as a condition of probation full restitution in the face amount of the corporate check drawn on insufficient funds, and (b) by failing to conduct a hearing to determine the extent of the defendant's gain from his offense, if any, and his ability to pay any amount of restitution. In connection with the assignments of error we note that the defendant's brief sets out the "Principal Issue" to be whether the sections of the General Statutes dealing with sentencing and probation empower the court to order restitution in the amount of a bad check issued in violation of General Statutes § 53a-128 as a condition of probation when "(a) the check is that of a corporation of which the [d]efendant is an officer; and (b) the check is issued in payment for goods delivered many months prior to the delivery of the check and the receiver of the check provides no present or future consideration in reliance thereon; and (c) the Court holds no hearing on and makes no finding as to the ability of the [d]efendant to pay restitution or [as to] the extent of his gain, if any, from the offense."

To begin with, subsection (b) of the "Principal Issue" has not even been assigned as error and therefore is not before us. Even if it were assigned, we could not consider it, as it obviously would constitute an error not apparent on the face of the record and would, therefore, require a finding. Practice Book, 1963, § 567A. Subsection (a) of the "Principal Issue" also definitely involves a claim of error that is not apparent on the face of the record, i.e., whether the check involved, for which restitution was ordered in its face amount, was that of a corporation of which the defendant was an officer. There, a finding is also required. The

transcript of the proceedings below, which is part of the record, cannot take the place of a finding because we are without power to find facts. *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 228. The burden rests upon the appellant to show that there was error in the judgment from which the appeal is taken; *St. Pierre* v. *St. Pierre,* 172 Conn. 11, 12; and that includes the preparation of a proper record. The absence of a finding, however, does not necessarily foreclose action by this court on this appeal, but we are limited in our inquiry to the material facts which appear on the record. *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703. We have decided, despite the unsatisfactory nature of the record before us, to take up a question of law preliminary to deciding the only assignment of error, i.e., subsection (c) of the "Principal Issue," which in some measure is apparent on the face of the record.

General Statutes § 53a-30 (revised to 1977) is entitled "Conditions of probation and conditional discharge." It provides that "[w]hen imposing sentence of probation . . . the court may, as a condition of the sentence, order that the defendant: . . . (4) make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance . . . ." In light of this statute there can be no question of the court's power to impose restitution as a condition of its sentence. Great discretion is allowed to a court in setting conditions of probation. *Malone* v. *United States,* 502 F.2d 554, 556 (9th Cir.); see *United States* v. *Chapel,* 428 F.2d 472, 474 (9th Cir.). The defendant suggests that there is error because the order of restitution, the amount of which is the same as that of the bad

corporate check given over his signature as a corporate officer, is directed to him personally whereas the check involved was a corporate check. Of course, he was personally charged with the crime and he personally pleaded guilty. Therefore, the restitution order is properly directed to him. The fact that a corporate check is involved does not shield him from personal liability. The crime charged in the information to which he pleaded guilty was a violation of General Statutes § 53a-128, issuing a bad check. That statute provides that "(a) A person is guilty of issuing a bad check when: (1) As a drawer or representative drawer, he issues a check . . . ." Section 53a-128 is strikingly similar to the New York bad check statute. New York Penal Law § 190.05 (McKinney). Our statute, General Statutes § 53a-118 (10) defines "representative drawer" exactly as does the New York statute. New York Penal Law § 190.00 (McKinney). " 'Representative drawer' means a person who signs a check as drawer in a representative capacity or as agent of the person whose name appears thereon as the principal drawer or obligor." It is clear that the defendant was a "representative drawer" in issuing the check in question.[2] It follows, therefore, that, because the defendant himself committed and was convicted of the crime, he personally may be the subject of an order of restitution despite the fact that the bad check was a corporate check. As a general rule the law is that a corporate officer who issues a worthless check in the corporate name may be criminally liable under a statute imposing criminal penalties on anyone, who, with intent to defraud another of money

---

[2] See New York Penal Law § 190.00 (McKinney), entitled "Issuing a bad check; definition of terms." The "Practice Commentaries" to that section notes that subsections 2 ("drawer") and 3 ("representative drawer") "apply chiefly to checks of corporations and other entities which are signed by officers or agents thereof. In the case of a corporate check, for example, the corporation is the 'drawer' and the subscribing officer is the 'representative drawer.' "

or property, draws or issues a check on any bank with knowledge that he does not have sufficient funds in such bank to meet the check on presentment. See annot., 68 A.L.R.2d 1269, 1271. Therefore, this assignment of error, which we have considered despite the problems with the record in this appeal, is without merit.

The defendant's remaining assignment of error is that the court erred "by failing to conduct a hearing to determine the extent of the Defendant's gain from his offense, if any, and his ability to pay any amount of restitution." This assignment is also claimed to be apparent on the face of the record. The transcript of the hearing and sentencing in this case was designated by the defendant as part of the file which he deemed necessary to be included in the record under Practice Book, 1963, § 554. We have examined that transcript and it is abundantly clear that the court did hold a hearing to determine the extent of the defendant's gain from his offense, if any, and his ability to pay any amount of restitution. This assignment of error, in light of the record presented to us by the defendant, is without merit.

It is obvious that the defendant desired to have reviewed the court's conclusions here in ordering what it did at the time of sentencing. In substance, error is assigned to the conclusions reached by the court below. Such conclusions are tested by the finding. *Brockett* v. *Jensen,* 154 Conn. 328, 331. On this record the conclusion of the trial court can only be the sentence imposed on the defendant, including the restitution condition. The lack of a finding prevents the testing of that conclusion.

There is no error.

A. HEALEY, PARSKEY and A. ARMENTANO, Js., participated in this decision.