MARTIN SCHWARZSCHILD *v.* RAMELA MARTIN ET AL.
(10952)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued May 13—decision released September 6, 1983

*Harry Cohen,* for the appellants (defendants Irene Binsse et al., Administrators [Estate of Edward A. Binsse]).

*David M. Cohen,* with whom, on the brief, was *Sydney C. Kweskin,* for the appellee (plaintiff).

GRILLO, J. The arbitration proceedings in this case arose out of a joint and several promissory note in the amount of $95,273 given by the original defendants, Edward A. Binsse,[1] Ramela Martin, and Doris Hodge,[2] to the plaintiff, Martin Schwarzschild, in connection with the purchase of the stock in the Roosevelt School located in Stamford.[3] A subsequent addendum to the May 18 agreement between the plaintiff and the

---

[1] Edward Binsse died in June of 1973; all proceedings thereafter have been conducted in the name of his estate.

[2] While the defendant's brief repeatedly refers to "defendants" and "appellants-Estate of Binsse and Martin," at oral argument counsel for the defendant estate explained that the estate of Binsse is the sole defendant pursuing this appeal. A default judgment was entered against Doris Hodge at the time of trial; Ramela Martin did not choose to appeal the judgment against her.

[3] Since the procedural history of this litigation is complex and confusing, a brief outline of the history at the outset insofar as it is relevant to the issues involved on appeal is necessary:

(1) The initial arbitration proceedings began but were soon aborted.

(2) The defendants filed suit, *Ramela Martin et al. v. Martin Schwarzschild* (No. 0029537), claiming fraud and invalidity of contract.

(3) A number of cases were initiated in various courts throughout the state by the defendants to contest arbitration and by the plaintiff to expedite

defendants contains the arbitration clause involved in this appeal: "If there shall be any dispute under this agreement the parties agree to submit it to arbitration . . . ." The addendum is signed by all three defendants, but not by Martin Schwarzschild.

A short time after the note was executed, the defendants defaulted. By letter dated November 26, 1973, arbitration was requested by all of the defendants. This arbitration session, however, was never completed; a mistrial was declared due to the resignation of one of the arbitrators. Although the record reveals neither when this first hearing began nor when it concluded, it was not until the hearing was well under way that the defendants learned that Martin Schwarzschild had not signed the arbitration addendum. The defendants promptly initiated a civil action, *Ramela Martin et al. v. Martin Schwarzschild* (No. 0029537),[4] claiming fraud

arbitration. Two such cases were *Schwarzschild* v. *Binsse et al.,* and *Ramela Martin* v. *Schwarzschild* (No. 156872).

(4) The plaintiff sought an order by the court, *Stapleton, J.,* directing the defendants to arbitrate.

(5) The court, *Stapleton, J.,* stayed the arbitration proceedings pending judgments in *Schwarzschild* v. *Binsse et al.,* and *Ramela Martin* v. *Schwarzschild* (No. 156872).

(6) *Schwarzschild* v. *Binsse,* 170 Conn. 212, 365 A.2d 1195 (1976), was decided in the plaintiff's favor.

(7) The plaintiff sought an order by the court, *Zarrilli, J.,* staying the proceedings in *Ramela Martin* v. *Schwarzschild* (No. 156872).

(8) The court, *Zarrilli, J.,* stayed the above-mentioned action and ordered arbitration.

(9) Arbitration was commenced for the second time, and a decision was rendered for the plaintiff.

(10) Applications to vacate and to confirm were submitted to the court, *Belinkie, J.*

(11) The court, *Belinkie, J.,* confirmed the arbitration award.

(12) The defendants instituted the present appeal to the Supreme Court.

[4] Neither the record nor the transcript reveals the ultimate disposition of this case, an omission not relevant to our conclusions herein.

and invalidity of the contract and seeking, inter alia, recission of the contract and an order restraining further arbitration.[5]

In October of 1975, the plaintiff commenced an action pursuant to General Statutes §§ 52-410 and 52-411[6] for an order directing the defendants to proceed with arbitration and for a further order appointing a replacement for the arbitrator who had resigned during the first hearing. The trial court, *Stapleton, J.,* directed all parties promptly to proceed to arbitration, pending and subject to final judgments in two other related cases, *Schwarzschild* v. *Binsse et al.,* and *Ramela Martin* v. *Schwarzschild* (No. 156872). The plaintiff subsequently filed a motion to stay the proceedings in the latter case, and on October 25, 1977, the court, *Zarrilli, J.,* granted the motion and ordered the parties to proceed to arbitration.

On February 27, 1979, the arbitrators issued a unanimous finding holding the defendants jointly and severally liable to the plaintiff for $144,301.09 and providing that "[a]ll other claims made by any other parties are disallowed." When the applications by the defendants to vacate and by the plaintiff to confirm the arbitra-

---

[5] The institution of this suit marked the beginning of a series of attempts by the various defendants to hinder and by the plaintiff to expedite arbitration. This arbitration has also been the subject of two prior appeals to this court. *Martin* v. *Schwarzschild,* 174 Conn. 778, 380 A.2d 538 (1977); *Schwarzschild* v. *Binsse,* 170 Conn. 212, 365 A.2d 1195 (1976).

[6] General Statutes (Rev. to 1975) § 42-410 provided, in relevant part, that "[a] party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the county in which one of the parties resides . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement."

General Statutes (Rev. to 1975) § 52-411 provided in pertinent part: "[I]n case of death, inability or refusal to serve of any arbitrator or umpire, upon application by a party to the arbitration agreement, the superior court for the county in which one of the parties resides . . . shall appoint an arbitrator . . . ."

tion award were joined for trial, the court, *Belinkie, J.,* confirmed the award. It is from this judgment, dated April 27, 1981, that the defendant estate takes the present appeal.

The defendant estate presents the following issues on appeal: (1) whether the agreement in this case constituted an arbitrable contract; (2) whether the arbitration award conformed to the submission; (3) whether a prior Superior Court order by the court, *Stapleton, J.,* invalidated the arbitration proceedings; (4) whether the issue of timely presentation of a claim to the estate of Binsse was considered by the arbitrators; and (5) whether there was proof of partiality by one of the arbitrators sufficient to invalidate the award.[7] We shall consider each of these claims separately.

The threshold question involved in this appeal concerns the issue of the validity of the arbitration agreement and consequently the arbitrability of the dispute. The defendant argues that since the arbitration addendum was not signed by the plaintiff, it was not valid or binding.[8]

Section 52-408 of the General Statutes provides, in pertinent part, that "[a]n agreement in any written contract or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract . . . shall be valid, irrevocable and enforceable,

---

[7] The defendant is deemed to have abandoned its sixth claim that the trial court erred in denying the defendant's post trial motion to reopen judgment and rectify the records. The defendant did not brief this issue nor present it to us in oral argument. An assignment of error not briefed before the Supreme Court is deemed abandoned. *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 681 n.4, 427 A.2d 859 (1980).

[8] There is no claim, nor can there be one, that the defendants had no knowledge of the contents of the agreement. See *Malone* v. *Santora,* 135 Conn. 286, 291, 64 A.2d 51 (1949).

except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." Nowhere in the statute is found the specific requirement urged on us by the defendant that the contract be signed by both parties. The statute requires only that the agreement between the parties be contained in a "written contract" or "separate writing";[9] this requirement has been resolved in the plaintiff's favor by both the arbitrators and the trial court. We find no error in this conclusion.

Of paramount importance to the resolution of this issue is the fact that it is the defendant, the party whose signature *is* found on the arbitration agreement, who is seeking to avoid the arbitration award. Furthermore, it is the defendant who initially not only petitioned for arbitration but also participated in the arbitration sessions.

As evidenced by its signature as well as its initiation of the arbitration proceedings, the defendant recognized and agreed to the contract to arbitrate. One enjoying rights is estopped from repudiating dependent obligations which he has assumed; parties cannot accept benefits under a contract fairly made and at the same time question its validity. *Mozzochi* v. *Luchs,* 35 Conn. Sup. 19, 23, 391 A.2d 738 (1977). Clearly, the quid pro quo accorded both parties was the mechanism of arbitration, a benefit which served to avoid the expense and delay of court proceedings. "In the absence of a statute requiring a signature . . . parties may become bound by the terms of a contract, even though they do

---

[9] Indeed, obstacles to enforcement of written agreements to arbitrate, which courts had previously held to be inherently illegal, have been removed by General Statutes § 52-408. See *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 63, 82 A.2d 345 (1951).

not sign it, where their assent is otherwise indicated, such as by the acceptance of benefits under the contract." 17 Am. Jur. 2d, Contracts § 70.

It is incongruous for the defendants to have initiated and attended the initial arbitration proceedings, although aborted, and then to question the propriety of the arbitration agreement in the reinstituted hearing. We therefore hold that a party who signs an arbitration agreement, petitions a court for arbitration, then participates in the arbitration proceedings may not later avoid his agreement because of a claim that the other party did not sign the agreement.

In a subsidiary claim, the defendant asserts that the arbitrators exceeded their powers; General Statutes (Rev. to 1972) § 52-418 (d);[10] in that they exceeded the scope of the submission by deciding the question of arbitrability. By this argument the defendant effectively seeks a second determination, pursuant to § 52-418, on the issue of whether there exists a binding agreement to arbitrate. We will not countenance such a claim.

---

[10] "[General Statutes (Rev. to 1972)] Sec. 52-418. VACATING AWARD. In any of the following cases the superior court for the county in which one of the parties resides or, in a controversy concerning land, for the county in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

In *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 357 A.2d 466 (1975), we recognized that the arbitrability of a dispute, although properly raised on a motion to vacate, is a distinct claim which may not be reviewed pursuant to the specific proscriptions of § 52-418. " '[T]he court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 of the General Statutes, *or procedurally violates the parties' agreement.*' Thus, the mere conformity of the submission to the award does not foreclose the court from reviewing whether that award is in violation of the parties' agreement." (Emphasis added.) Id., 63. In *New Britain* v. *Connecticut State Board of Mediation & Arbitration*, 178 Conn. 557, 560–61, 424 A.2d 263 (1979), we outlined two ways in which, in the ordinary case, a party may question the arbitrability of a particular issue. First, he may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability. His other alternative is to submit the issue in conjunction with the merits of the dispute to the arbitrators themselves. Id., 560. Left unanswered in *New Britain*, however, was the procedural question presented by this case: when a party to a pending case has refused to arbitrate voluntarily, thus requiring the other party, pursuant to General Statutes § 52-409,[11] to compel arbitration by gaining a "judicial reconciliation" of the threshold issue of arbitrability; *New Britain* v. *Connecticut State Board*

---

[11] "[General Statutes] Sec. 52-409. STAY OF PROCEEDINGS IN COURT. If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

*of Mediation & Arbitration,* supra, 561; may the party who is forced to arbitrate later raise the arbitrability issue in the Superior Court as a basis for vacating an arbitration award? To be consistent with the view that a § 52-409 order requiring arbitration is not a judgment from which an appeal lies; *Martin* v. *Schwarzschild,* 174 Conn. 778, 380 A.2d 538 (1977); the issue of arbitrability necessarily must be reviewable upon application to the Superior Court. To hold otherwise would be to deny appellate review to a claim which we previously precluded from review on the grounds that it was premature. Thus, although we refuse to consider the defendant's claim of arbitrability as couched in the language of § 52-418, under these circumstances we recognize the issue as properly before us. To the extent that the trial court refused to consider the arbitrability of the dispute in light of the all inclusive language of the submission, the decision is erroneous. This error, however, is harmless, since we have previously rejected the merits of the defendant's arbitrability claim.

The defendant next claims that the arbitration award should be vacated because the arbitrators "exceeded their powers"; General Statutes (Rev. to 1972) § 52-418 (d); by acting at all. The estate claims that in view of a stay granted by the trial court, *Stapleton, J.,*[12] in 1976, arbitration could not subsequently take place,

---

[12] After the plaintiff applied for an order directing the defendants to proceed to arbitration, the court, *Stapleton, J.,* ruled in pertinent part: "[A]ll parties to this action are directed to promptly proceed, ab initio, to arbitration of the dispute between the parties under the terms of the agreement between them; said arbitration proceeding to be stayed, however, pending and subject to, final judgments in the matters of *Schwarzschild* v. *Binsse et al.* . . . and *Ramela [Martin]* v. *Schwarzschild* . . . ." This court agreed with the position of the plaintiff and overruled the demurrer one week after Judge Stapleton's decision in *Schwarzschild* v. *Binsse,* 170 Conn. 212, 365 A.2d 1195 (1976), thus removing one ground for the limited stay ordered by Judge Stapleton.

even though the court, *Zarrilli, J.,* ordered the commencement of arbitration in 1977. This claim is without merit and was properly rejected by the trial court.

The decision by the court, *Zarrilli, J.,* was rendered in the plaintiff's favor upon a motion for stay of proceedings in *Ramela Martin* v. *Schwarzschild* (No. 156872) pending arbitration. The order discussed the existence of the prior order by the court, *Stapleton, J.,* and properly concluded that it was not bound by this earlier order on the grounds of res judicata: "The law is well settled that the decision by one judge is not binding on another judge when later in the same proceeding, he is confronted with a like question. *State* v. *Sul,* 146 Conn. 78, 83, [147 A.2d 686 (1958)]; *Christiano* v. *Christiano,* 131 Conn. 589, 596, [41 A.2d 779 (1945)]. 'If the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision.' *Levay* v. *Levay,* 137 Conn. 92, 96, [75 A.2d 400 (1950)]; see also *Santoro* v. *Kleinberger,* 115 Conn. 631, 638, [163 A.107 (1932)]." *Breen* v. *Phelps,* 186 Conn. 86, 98–99, 439 A.2d 1066 (1982). Accordingly, the court, *Zarrilli, J.,* stayed the defendant's attempt to invalidate the arbitration agreement and ordered the parties to proceed with arbitration as expeditiously as possible. The then defendant Martin's appeal from this order was subsequently dismissed by this court for lack of a final judgment. *Martin* v. *Schwarzschild,* supra. We conclude that the ruling by Judge Zarrilli was well within the authority of the Superior Court pursuant to § 52-409. The claim that the arbitrators "exceeded their powers" under these circumstances cannot be sustained.

Little need be said relative to the defendant's contention that the issue of timely presentation of a claim to the estate of Binsse was not considered by the arbitrators. The defendant claims that after the death of

Edward Binsse, the plaintiff failed to present his claim against the estate within the time limited by General Statutes (Rev. to 1972) § 45-205.[13] The trial court concluded that the defendant's contention was "not supported by any evidence and is refuted by the only evidence before the court . . . ." We agree.

The estate failed to make a factual showing to support its position that its defense to liability had not been heard and resolved by the arbitrators. It failed to prove that the nonclaim defense was not considered at the arbitration because it did not introduce the record of the arbitration proceedings to the trial court. The burden rests upon the appellant to show that there was error in the judgment from which the appeal is taken, and that includes the preparation of a proper record. *State* v. *Pilch,* 35 Conn. Sup. 536, 539, 394 A.2d 1364 (1977); see also *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). Although a true picture may not be presented, the case must be decided on the record before us. *Gould* v. *Gould,* 164 Conn. 387, 389, 321 A.2d 443 (1973). Since the circumstantial evidence included in the present record indicates that the nonclaim issue was submitted to the arbitrators, and since the defend-

---

[13] General Statutes (Rev. to 1972) § 45-205 provided in pertinent part: "Sec. 45-205. LIMITATION OF TIME FOR PRESENTING CLAIMS. The court of probate may order executors and administrators to cite the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time, not more than twelve months nor less than three months, as it limits, by posting a notice to that effect on the signpost nearest to the place where the deceased last dwelt and in the same town or by publishing the same in a newspaper having a circulation in the probate district in which such estate is in settlement, or both, and by such further notice as such court deems necessary, or, if such deceased was not a resident of this state, by posting such notice on such signpost in the probate district in which such estate is in settlement, and by such other notice as such court may direct. If any creditor fails to exhibit his claim within the time limited by such order, he shall be barred of his demand against such estate . . . ."

ant failed to introduce the record of the arbitration proceedings to prove otherwise, the decision reached by the trial court must stand.

The defendant's final claim of unlawful bias on the part of one of the arbitrators, Joseph P. Zone, is equally unpersuasive. The estate argues that Zone should have disqualified himself at the second arbitration hearing because he had attended the first proceeding prior to its inconclusive termination. Evidence offered by the defendant at the trial, if believed, would show only that "there were papers that Mr. Zone appeared to have had with him" that "did not appear to be part of the records that [were] in front of us at that time." We agree with the trial court that this testimony alone is insufficient to substantiate any claim of partiality.

It is the established policy of this court to regard arbitration awards with liberality. That is, every reasonable presumption will be made in favor of the arbitrators' acts. The burden rests on the party attacking the award to produce sufficient evidence to invalidate it. *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 859 (1980). Absent a showing of "perverse misconstruction or positive misconduct" or a provision in the agreement authorizing it, the determination of the arbitrator is not subject to judicial inquiry. *Danbury Rubber Co.* v. *United Rubber Workers,* 20 Conn. Sup. 300, 308, 134 A.2d 356 (1957), aff'd, 145 Conn. 53, 138 A.2d 783 (1958). This court has summarily rejected attempts to overturn arbitration awards on grounds of partiality in cases, like the present one, which lacked sufficient evidentiary support. *Von Langendorff* v. *Riordan,* 147 Conn. 524, 163 A.2d 100 (1960). Accordingly, we find that there is no basis for vacating the decision of the arbitrators on this claim.

The defendant estate presents in its appeal a plethora of grounds for the vacation of the arbitrators' award; we remain unpersuaded of the existence of any of the defects which would require vacation of the award pursuant to General Statutes § 52-418. For the foregoing reason, we conclude that the trial court did not err in denying the defendant's application to vacate the award.

There is no error.

In this opinion the other judges concurred.