[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The plaintiff, Bantam Supply Company, Inc. has brought the instant case against the defendant, Rosalie Friedman, for net damages for fuel oil delivered to the defendant residence.
The complaint in its first count alleges that the defendant contracted with the plaintiff for such fuel oil deliveries and failed and refused to pay after receiving the fuel.
In its second count, the plaintiff alleges that the plaintiff supplied fuel to the defendant, at her request and that despite obtaining the benefit of such deliveries, she failed and refused to pay the reasonable value of the fuel.
Evidence and testimony was presented to this court by the plaintiff and the defendant at trial and the court makes the following findings:
The defendant and her husband resided in the subject premises, a one family home for over 10 years prior to 1988. Their minor son also resided in that home. CT Page 10484
At sometime in the mid or late 1970's, an account was started with the plaintiff Company for the delivery of fuel oil and related services for that residence. The account was in the name of the defendant's husband.
The plaintiff thereafter delivered fuel oil to that residence on a continual basis until mid 1988.
At some point prior to the last delivery the defendant's husband vacated the premises and the defendant and her minor son continued to live there.
The defendant, despite repeated demands for payment failed and refused to pay for fuel oil delivered to the residence. The defendant was aware of the deliveries and, on one occasion, visited the business office of the plaintiff to request continued deliveries notwithstanding the balance due on the account.
At all times relevant to the plaintiff's claim, the defendant and her son received the benefit from the fuel oil provided by the plaintiff.
The plaintiff has met its burden in establishing that the fuel oil was provided to the residence of the defendant.
The defendant denies the existence of any obligation on her part to Compensate the plaintiff by express or implied contract or otherwise.
She maintains that any contract which may exist was a contract between her husband and the plaintiff. This court disagrees.
In the absence of a statute requiring a signature, parties may become bound by the terms of a contract even though they do not sign it. Where their assent is otherwise indicated such as by the acceptance of benefits under the contract. 17 Am. Jur.2d, Contracts 70; Schwarzchild v. Martin,191 Conn. 316, 321.
Whether a party has so conducted himself is a question of fact for the trier. John J. Brennan Construction Corp., Inc. v. Shelton, 187 Conn. 695,709. In a bilateral contract acceptance need not be expressed but may be shown by words or acts indicating assent. The fact that this defendant may not have been present at the creation of the customer account does not mean that she cannot be found to be a party to that contract.
The manifestation of assent may be made wholly or partly by written or. spoken words or by other acts OF failure to act. Restatement (Second), Contracts 21(1) (Tent. Dr. 1964) Ubysz v. DiPietro,185 Conn. 47, 51,
The defendant knew of the customer account, was aware of the deliveries, CT Page 10485 benefited, together with her minor son, from the deliveries and even sought to have the deliveries continued beyond the last one made in February, 1988. By her knowledge and her conduct she has evidenced her obligation under the contract.
Judgment is to enter for the plaintiff and against the defendant in the amount of $4,133.67 plus interest in the amount of $1,550.60 for a total judgment of $5,684.27, plus costs.
DOHERTY, J.