[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision of an arbitrator made pursuant to a collective bargaining agreement.
The plaintiff, William Hall, was a former member of the Connecticut State Police force. On or about April of 1990, the plaintiff was discharged from his employment for knowingly filing a false report with the Massachusetts State Police, and for operating a State Police cruiser in a careless manner.
Plaintiff, as a member of the Connecticut State Police Union, filed a grievance contesting his dismissal in accordance with the collective bargaining agreement, Article XIV, Contract 1990-1993. Plaintiff claims that he was dismissed without just cause. The grievance was denied at all stages and was appealed to arbitration.
On September 16, 1991, a hearing was held before the contract arbitrator. The plaintiff was represented by counsel at the hearing.
The parties to the arbitration submitted the following issue for determination:
 Was the dismissal of Grievant William Hall for just cause? If not, what shall the remedy be?
On October 3, 1991, the arbitrator issued his award as follows: CT Page 2340
 The dismissal of Grievant William Hall was for just cause. The grievance is denied.
The plaintiff now seeks to vacate the arbitration award on the basis that no tape recording was made of the proceeding before the arbitrator violating the terms of the collective bargaining contract. Plaintiff claims that the failure of the arbitrator to tape-record the arbitration hearing, deprives him of a meaningful review of the arbitration proceeding by the court.
Article 14 entitled "Grievance Procedure" of the collective bargaining agreement, and in particular Section 8, subpart c, states:
 In cases of dismissals . . . the parties shall request the arbitrator to maintain a cassette recording of the hearing testimony. Costs of transcription shall be borne by the requesting party. A party requesting a stenographic transcript shall arrange for the stenographer and pay the costs thereof.
The arbitrator, in rendering his opinion and award stated: "Grievant was represented by counsel, and both parties were accorded a full and fair hearing, including the opportunity to present evidence, examine witnesses and make arguments in support of their respective positions. Both the State and Grievant presented closing arguments at the end of the hearing held on September 16, 1991, at which time the record was declared closed."
Contrary to the claim of the plaintiff, the language of the collective bargaining agreement, providing for the recording of testimony given at a hearing, is not mandatory. subpart c of Article 14, section 8 permits a party, at its own expense, to either voice-record or have a stenographic record of the proceeding. The agreement does not contain any language which would mandate the arbitrator to provide a record. No request having been made, the plaintiff cannot now claim prejudice in not having a record of the arbitrator's hearing. When the plaintiff was present at the hearing with counsel, presented evidence, examined witnesses, and made arguments in favor of his claim, his failure to object to the proceeding or to request a cassette recording or a stenographic recording of the proceedings, is deemed a waiver of this right. Cf. Fraund v. Design Ideas, Inc., 17 Conn. App. 280, 285 (1989).
The plaintiff does not claim that the arbitrator exceeded his powers under C.G.S. 52-418 (a)(4), but rather CT Page 2341 that the "parties [failed] to request a tape be made of the arbitration proceedings . . . ." See plaintiff's application for an order vacating plaintiff's arbitration decision. An award cannot be vacated on the grounds that the construction placed upon the interpretation of the collective bargaining agreement by the arbitrator was erroneous. Caldor, Inc. v. Thornton, 191 Conn. 336, 340 (1983). "[P]rovisions of the grievance procedure, . . . is an area the court may not enter." Hartford v. Local 308, 171 Conn. 420, 427 (1976). Courts need only to examine the submission in the award to determine whether the award is in conformity therewith. There is a presumption in favor of the validity of an arbitration award, and the burden is upon the party attacking the award under C.G.S. 52-418 to show that the arbitrator's award is not within the terms of the submission. Schwarzschild v. Martin,191 Conn. 316, 327 (1983).
The plaintiff seeks to change the language of the collective bargaining agreement by making it mandatory that a record be made of every arbitration proceeding. The present collective bargaining agreement makes no such provision, nor is there such a statutory requirement. Cf. Schwarzschild v. Martin, supra at 322, dealing with the incongruity of a party participating in the arbitration proceeding and then questioning the propriety of the proceedings. See C.G.S.52-421 which makes no provision in preparing the record for an appeal to include a transcript of the proceedings.
The plaintiff cannot participate in the arbitration proceedings, raise no objection to the procedure, and when an adverse ruling is obtained, then challenge the procedural aspect of the proceedings. See Greater Bridgeport Transit District v. Amalgamated Transit Union, Local 1336,5 Conn. L. Rptr. No. 5, 124 (November 4, 1991).
Accordingly, the application for an order vacating plaintiff's arbitration decision is denied. The arbitration award is confirmed.
ARNOLD W. ARONSON, JUDGE