[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action by the bringing of a writ summons and complaint containing twelve counts against the defendants to collect for doors and architectural hardware for various jobs being built by one or more of the defendants.
There appears to be no question that materials were delivered and that there is a substantial balance outstanding. CT Page 8010 Judgment by default was granted against the defendant Hartford Development Corporation and the matter proceeded to trial against Thomas K. Standish, individually, who was allegedly doing business as Phoenix-American, a developer of property.
The case was presented through two witnesses, a Mr. Keoleane, President of New England Door and one E.A. "Ned" Allen, the engineer and/or sales person assigned to the account on behalf of the plaintiff. No written contract was ever introduced but it was clear from the evidence offered that the business arrangement started out between plaintiff and the corporate defendant, Hartford Development Corporation.
Subsequently, there apparently was some discussion with some of the employees of the corporate defendant that the corporate defendant was having financial difficulties and that hence forth the bills should be submitted to "Phoenix". There is a Connecticut corporation Phoenix-American Construction Corporation that was incorporated by filing on July 1, 1986, and was in existence and in good standing as of May 9, 1991. One of the bills presented to the court was directed to Hartford Development Corporation; three were directed to Phoenix-American Construction Corporation and the balance to Phoenix-American.
There was no evidence of any kind that anyone on behalf of New England Door Hardware even talked to or met with Thomas Standish. All the arrangements for the purchases in question were made by various employees of Hartford Development Corporation, none of whom offered testimony to the court.
The business practices followed by the plaintiff were casual, at best, and the court was left with the impression that the plaintiff was not sure of whom it was doing business with. In short, the plaintiff failed to meet its burden of proof in establishing it had any contract with Thomas Standish individually. There was no testimony of his direct involvement in any contract and/or arrangement with the plaintiff. The plaintiff's case rested solely on testimony of comments that were made by several employees of the defendant Hartford Development Corporation to representatives of the plaintiff. There was little or nothing offered as to the powers of the employees of Hartford Development Corporation, which was experiencing financial difficulty at the time, to bind or create a contract directly with Mr. Standish. In order to establish the existence of an agency relationship, the party claiming it must prove a manifestation by the principal that the agent will act for him. Beckenstein v. Potter Carrier, Inc., 191 Conn. 316, 321 (1985). CT Page 8011
It is clear that if Phoenix-American Construction Corporation were solvent, the plaintiff would be seeking recovery from that corporation. Merely because it is insolvent is not a legally sufficient basis for holding Standish individually. The plaintiff failed to establish that any of the employees of Hartford Development Corporation were authorized in any way to bind Standish personally.
The plaintiff failed to present sufficient credible evidence to the court to meet its burden of proof. The court therefore enters judgment for the defendant Standish.
WILLIAM M. SHAUGHNESSY, JR., JUDGE, SUPERIOR COURT