[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before this court on the plaintiffs' application to enjoin an arbitration demanded by the defendants. The plaintiffs claim that they did not agree to submit disputes with the defendants to arbitration.
In their claim for arbitration filed with the American Arbitration Association, the defendants state that the plaintiffs agreed to arbitration in a contract dated April 29, 1994. They claim money damages for default of a promissory note that they assert is enforceable pursuant to the terms of the agreement.
The agreement relied upon by the defendants is a contract for the sale of a business and personal property by the defendants to Eight Ball, Inc. The contract states a purchase price to be paid by two installments of cash and a note in the amount of $70,000. The conditions and terms of payment of the note were incorporated into the agreement by incorporation of the form of the note as Exhibit B to the agreement. The agreement provides at paragraph 21 that "any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association at New Haven, Connecticut, and judgment upon the award may be entered in any court having jurisdiction thereof."
The court finds that Eight Ball, Inc. agreed to arbitrate claims of breach of its obligations arising from the agreement and CT Page 6611 that a claim of breach of the provision requiring payment for the purchase of the business is a dispute within the scope of the agreement by Eight Ball, Inc. to arbitrate.
Eight Ball, Inc. has therefore not demonstrated a likelihood of success on the merits of its claim that this dispute is not subject to arbitration, and its application to enjoin the arbitration is denied.
The application of Kenneth Ginsberg for injunctive relief stands on a different footing. The agreement that contains the arbitration clause is an agreement between the defendants and Eight Ball, Inc. only. Kenneth Ginsberg signed that agreement only on behalf of the corporation and not in his individual capacity as a guarantor.
The guaranty agreement signed by Ginsberg individually contains no provision for arbitration of disputes arising from the guaranty or its enforcement. The guaranty does not incorporate by reference the arbitration clause in the purchase agreement between the defendants and Eight Ball, Inc.
The issue whether a party has contractually agreed to arbitration of a dispute is a threshold issue to be determined by the court. Success Centers, Inc. v. Huntington Learning Centers,Inc., 223 Conn. 761, 769 (1992); John A. Errichetti Associates v.Boutin, 183 Conn. 481, 488 (1981); E.F. Construction Co. v. RissilConstruction Associates Inc., 181 Conn. 317 (1980); Visselli v.American Fidelity Co., 155 Conn. 622, 624 (1967).
A party may not be required to arbitrate a dispute unless that party has agreed to do so in a written agreement or unless a statute requires arbitration Bennett v. Meader, 208 Conn. 352
(1988); General Statutes §§ 52-408-410.
The defendants' reliance on Schwarzchild v. Martin, 191 Conn. 316
(1983) is misplaced. In that case, the plaintiff filed a demand for arbitration and submitted his dispute with the defendants to an arbitrator but subsequently pointed out that while the defendants had signed an addendum to the contract containing an arbitration clause, he had not. The plaintiff's actual resort to arbitration plainly indicated his agreement to that procedure. The Supreme Court did not hold in Schwarzchild, contrary to the defendants' suggestion, that parties who have not agreed to arbitration can be forced to arbitrate because other entities CT Page 6612 involved in the transaction have agreed to arbitrate.
Plaintiff Ginsberg has established a likelihood of success of his claim on the merits that he did not agree to arbitration of his obligations under the guaranty. Because the balance of hardships tips in favor of Ginsberg because of his right to adjudication by a court, he has established entitlement to injunctive relief.
The plaintiff seeks a declaratory judgment as well as injunctive relief. Actions for declaratory judgment are subject to the same requirements as other civil actions and may not be decided until the pleadings are closed and the case has been duly claimed to the trial list. Since neither event has occurred, this court does not reach the request for a declaratory judgment.
Injunctive relief is denied as to plaintiff Eight Ball, Inc., and arbitration may proceed as to the defendants' claims against that party. The defendants are hereby enjoined from requiring defendant Kenneth Ginsberg to arbitrate their claims against him personally as guarantor unless and until he agrees in writing to arbitration.
Beverly J. Hodgson Judge of the Superior Court