## NANCY EMONDS *v.* LUMBERMAN'S MUTUAL CASUALTY COMPANY
### (AC 17048)

Lavery, Schaller and Sullivan, Js.

Argued February 27—officially released July 14, 1998

*Patrice S. Noah,* for the appellant (defendant).

*Nancy Emonds,* pro se, the appellee (plaintiff).

SCHALLER, J. The defendant, Lumberman's Mutual Casualty Company, appeals from the judgment of the trial court vacating an arbitration award in its favor. The principal issue on appeal is whether the trial court properly applied an "appearance of bias" standard to the appointment of an arbitrator instead of requiring proof of a specific impropriety.[1] The appeal was heard on the basis of the defendant's brief and oral argument, the plaintiff having failed to file a brief. We reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. The plaintiff brought an uninsured motorist claim against the defendant. The plaintiff, who was represented in the arbitration by an attorney, selected attorney R. Bartley Halloran as her arbitrator. Because the defendant admitted insurance coverage, the only issue before the arbitrators at the April 23, 1993 hearing was the amount of damages. No record was made of the hearing. The plaintiff submitted medical reports and bills, and testified on her own behalf. The arbitration panel denied the plaintiff's claim. The record contains no further information about the arbitration proceeding or the arbitrators' decision.

On July 7, 1993, the pro se plaintiff moved to vacate the award. In that motion, the plaintiff did not raise any claim of impropriety on the part of any of the arbitrators, but instead claimed that the award was not complete because no reasons were stated for its conclusion. The defendant filed an objection to the

---

[1] The defendant also claims that the trial court improperly allowed the plaintiff to proceed on a motion to vacate. Because we reverse the judgment on the basis of the defendant's first claim, we need not address this claim. We note that the claim of bias was not raised until approximately two years after the award. See *Clisham* v. *Board of Police Commissioners*, 223 Conn. 354, 367, 613 A.2d 254 (1992); *Henderson* v. *Dept. of Motor Vehicles*, 202 Conn. 453, 462, 521 A.2d 1040 (1987).

motion to vacate. The case was dismissed for dormancy and later opened on April 17, 1995. In her motion to open, filed nearly two years after the original motion to vacate, the plaintiff asserted for the first time, in an amendment to the original motion to vacate, an allegation that Halloran had earlier reviewed her case file on a referral basis from Ebenstein and Ebenstein, P.C. (Ebenstein), and "evidently elected not to handle the file in his office." The plaintiff went on to speculate that "[p]erhaps his review of the file made him privy to inappropriate information or led him to a conclusion on the case's merits, which would have inappropriately predetermined his decisional thought process." The defendant objected to the "amended" motion to vacate on various grounds.

In 1996, a hearing was held before the Superior Court on the motion to vacate. The plaintiff conceded that her attorney had selected Halloran and argued that she believed that Halloran had reviewed the file but was not sure. The plaintiff indicated that she did not recognize Halloran at the arbitration proceeding, but that her husband made a comment after the hearing about him. Halloran stated in an affidavit that although he had handled some Ebenstein files, he did not recall the plaintiff or her file, and that it was unlikely that he had reviewed it. No evidence was presented that Halloran had familiarity with or prejudged the matter. There was no proof of bias or impropriety on Halloran's part. In particular, there was no evidence that he remembered anything about the case or how he evaluated the case if, in fact, he had previously reviewed it. The trial court, however, vacated the award, finding that Halloran had "met with the plaintiff to review the case." The trial court relied exclusively on one case cited by the plaintiff, *Gaer Bros., Inc.* v. *Mott*, 144 Conn. 303, 308, 130 A.2d 804 (1957), in concluding that arbitrators must be completely impartial and must have no connection with

the parties that might give the appearance of their being other than impartial.

The defendant claims that the trial court improperly applied the appearance of bias standard to the arbitrator in question. We agree. The party attacking an arbitration award on the ground of arbitrator bias must produce sufficient evidence to invalidate it. *Schwarzschild* v. *Martin*, 191 Conn. 316, 327, 464 A.2d 774 (1983). Where the plaintiff cannot produce sufficient evidence to support a finding of partiality, the court should not overturn the award. Id.; *Von Langendorff* v. *Riordan*, 147 Conn. 524, 528, 163 A.2d 100 (1960). The mere appearance of bias does not disqualify an arbitrator. See *Schwarzschild* v. *Martin*, supra, 327. The burden of establishing a disqualifying interest rests on the party seeking disqualification. Id. That party must demonstrate actual bias, rather than mere potential bias, to overturn an arbitration award. *Petrowski* v. *Norwich Free Academy*, 199 Conn. 231, 237, 506 A.2d 139, appeal dismissed, 479 U.S. 802, 107 S. Ct. 42, 93 L. Ed. 2d 5 (1986); *Clisham* v. *Board of Police Commissioners*, 223 Conn. 354, 361–62, 613 A.2d 254 (1992) (" 'mere appearance of bias that might disqualify a judge will not disqualify an arbitrator' "). To vacate an arbitration award, the trial court must find a specific impropriety of the arbitrator. See *Allstate Ins. Co.* v. *Link*, 35 Conn. App. 338, 344, 645 A.2d 1052, cert. denied, 231 Conn. 924, 648 A.2d 161 (1994).

Applying these principles,[2] we conclude that the trial court improperly applied the appearance of bias standard and that the plaintiff failed to meet her burden of proving actual bias. Despite the plaintiff's own uncertainty about whether Halloran had reviewed her file,

---

[2] In the interest of judicial economy, we will review the evidence under the proper standard rather than remand the case to the trial court. See *Almeida* v. *Liberty Mutual Ins. Co.*, 234 Conn. 817, 826, 663 A.2d 382 (1995).

the trial court found that Halloran had met with the plaintiff. The trial court made no additional findings of fact concerning any prior relationship between Halloran and the plaintiff. The record contains no evidence whatsoever suggesting bias or predetermination of the matter on the part of Halloran. No evidence was produced concerning the arbitration proceedings. The trial court's decision, therefore, was clearly erroneous.

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's application to vacate the arbitration award.

In this opinion the other judges concurred.

