[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The following facts are taken from the defendantts affidavit and are undisputed by the plaintiff. In February of 1992, the plaintiff and defendant formed Pagano Seafood, Inc. The parties discussed that each would contribute capital to the business, the plaintiff would supply lobsters for resale and the defendant would run the daily operations of the business. The company began operating in March of 1992. In September of 1992, the defendant informed the plaintiff that he no longer wished to do business as Pagano Seafood, Inc. and continued the business as a sole proprietorship.
The plaintiff alleges breach of contract, misappropriation, unjust enrichment, breach of fiduciary duty, breach of an agreement to arbitrate and violation of the Connecticut Unfair Trade Practices Act. The defendant moves for summary judgment on all counts.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp., 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The defendant argues that it is entitled to summary judgment on all counts because the statutes of limitation have expired. The plaintiff argues that the defendant has waived its right to CT Page 13194 assert a statute of limitations. Specifically, the plaintiff argues that the defendant should have specified the statute numbers in its special defense, rather than generally asserting that the plaintiffs claims are barred by the applicable statutes of limitation.
Practice Book § 10-3 provides that "[w]hen any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." However, the court inRowe v. Godou, 209 Conn. 273, 550 A.2d 1073 (1988) found that § 10-3, formerly § 109A, was directory, rather than mandatory, and "although the defendants' motion to strike failed to identify precisely the statute that it claimed `barred' the plaintiffs cause of action, that failure did not invalidate the defendants' motion." Id., 275. Accordingly, the defendants failure to specify in its motion the numbers of the statutes of limitation it relies upon does not waive the defendant's right to assert that these statutes bar the plaintiffs claims.
I. Count One — Breach of Contract
In count one, the plaintiff alleges that the defendant, by ceasing to do business as Pagano Seafood, Inc., breached an agreement to be an equal business owner with the plaintiff and to run the corporation's business operations. The defendant argues that this claim is barred by the statute of limitations.
In order "[f]or the trial court to conclude that the plaintiffs' action . . . [is] barred by the statute of limitations, it . . . [must] determine two things: first, whether a contract existed and, second, whether the contract was oral or written." Avon Meadow Condo. Assn., Inc. v. Bank of BostonConnecticut, 50 Conn. App. 688, 695, 719 A.2d 66 (1998), cert. denied, 247 Conn. 946 ___ A.2d ___ (1998). Here, the defendant argues that there was no written contract, and has submitted his own affidavit in which he avers that the parties discussions regarding the corporation were never reduced to writing. (Defendant's Exhibit A, Affidavit of Alan Pagano, ¶ 7.) The plaintiff does not dispute the allegation that the terms of the parties' discussions were never reduced to writing, but argues that various documents that evidence the existence of the corporation constitute a written contract.[1] The plaintiff, therefore, fails to create an issue of fact as to whether there was any writing in which the defendant agreed to remain in CT Page 13195 business with the plaintiff and to provide services for the corporation.[2] Accordingly, the court must conclude that the contract, if any, was an oral contract.
General Statutes § 52-581, the statute of limitations for oral contracts, provides that "[n]o action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues." General Statutes § 52-581. "[T]he term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand. . . . The true test is to establishthe time when the plaintiff first could have successfullymaintained an action." (Citations omitted; emphasis added; internal quotation marks omitted.) Prudential Property CasualtyIns. v. Perez-Henderson, 49 Conn. App. 653, 658-59, 714 A.2d 1281, cert. denied, 247 Conn. 917, 722 A.2d 809 (1998).
Here, the plaintiff alleges that the defendant repudiated the alleged contract on September 30, 1992 by a letter informing the plaintiff that the defendant no longer wished to do business as Pagano Seafood, Inc. The plaintiff brought the present action on October 2, 1998, more than three years after the alleged repudiation. Accordingly, the plaintiffs claim for breach of contract is barred by the applicable statute of limitations.
II COUNTS TWO AND FOUR — BREACH OF AGREEMENT TO ARBITRATE
Misappropriation
The plaintiff claims that there was an agreement between the parties to arbitrate their dispute, and that the defendant breached that agreement by not submitting to arbitration. The defendant argues that this claim fails because there was no written agreement to arbitrate.
"[O]nly written agreements to arbitrate are valid. Oral agreements are not included, implicitly or explicitly, in the description of valid arbitration agreements." Bennett v. Meader,208 Conn. 352, 359, 545 A.2d 553 (1988).
The plaintiff argues that a letter that lists proposed terms of an arbitration agreement, signed only by the plaintiffs attorney, is a valid written agreement to arbitrate. The CT Page 13196 plaintiff cites Schwarzschild v. Martin, 191 Conn. 316, 320-22,464 A.2d 774 (1983), for the proposition that both parties need not sign an arbitration agreement for there to be a valid agreement. However, in Schwarzschild, the party against whom enforcement of the agreement was sought actually signed the agreement. See id., 321. The Schwarzschild court held only that "a party who signs an arbitration agreement, petitions a court for arbitration, then participates in the arbitration proceedings may not later avoid his agreement because of a claim that the other party did not sign the agreement." Id., 322. Here, the defendant did not sign the alleged arbitration agreement and did not thereafter participate in arbitration. Accordingly, because there was no valid arbitration agreement, the plaintiffs claim for breach of arbitration agreement fails as a matter of law.
The plaintiffs claim for misappropriation is barred by the statute of limitations. "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577. The plaintiff could argue that the continuing course of conduct doctrine tolls the statute of limitations while the defendant acts in a fiduciary capacity to the plaintiff. See Caldrello v.Gordon, Superior Court, judicial district of New London at New London, Docket No. 533626 (January 9, 1998, Hurley, J.T.R.) (the court applied the continuous course of conduct doctrine to toll the statute of limitations for misappropriation while the defendant acted in a fiduciary capacity toward the plaintiff).
However, "[c]ases applying the continuing course of conduct doctrine have all involved the conduct of the defendant prior to the discovery of injury." Rivera v. Fairbank ManagementProperties, Inc., 45 Conn. Sup. 154, 158, 703 A.2d 808 (1997). To allow the continuing course of conduct doctrine to toll the statute of limitations after discovery "would, in effect, allow the plaintiff to acquiesce in the defendant's conduct for as long as convenient to the plaintiff, contrary to one of the purposes of statutes of limitations, which is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution" (Internal quotation marks omitted.) Id., 160. Here, according to the plaintiffs own allegation, the plaintiff brought an action in 1993 that alleged the same claims as the present action. Accordingly, because the plaintiff has brought the present action more than three years after the discovery of its cause of action, its claim for misappropriation is barred by the CT Page 13197 statute of limitations.
III. Count Three — Misappropriation, Tortious Interference,
Breach of Fiduciary Duty and Unjust Enrichment
The plaintiffs third count is a derivative claim brought on behalf of the plaintiff corporation that alleges misappropriation, tortious interference with business expectations, breach of fiduciary duty and unjust enrichment.
The plaintiffs tortious interference, misappropriation and breach of fiduciary duty claims are barred by the statute of limitations. "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of" General Statutes § 52-577.[3]
The defendant is not entitled to summary judgment, however, with respect to the plaintiff corporation's unjust enrichment claim. The plaintiff corporation alleges that the defendant took the assets of the corporation and used them for his own benefit. The plaintiff corporation further alleges that the defendant caused the operations of the business to be taken over by a competitor, the defendant, and that the corporation suffered a detriment as a result. These allegations, which are undisputed by the defendant, are sufficient to state a derivative claim for unjust enrichment. See Fink v. Golenbock, 238 Conn. 183, 209-211,680 A.2d 1243 (1996) (evidence that the shareholder and director had taken over the corporation's client base, finds and assets in order to establish a new corporation supported a derivative claim for unjust enrichment). Accordingly, the defendant's motion for summary judgment is denied with respect to the claim for unjust enrichment.
IV. Count Five — Violation of CUTPA
The plaintiff's claim for violation of the Connecticut Unfair Trade Practice Act, General Statute § 42-110a et seq. (CUTPA) is barred by the applicable statute of limitations. "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." General Statute § 42-110g(f)[4]
CONCLUSION
CT Page 13198
For the foregoing reasons, the defendant's motion for summary judgment is granted with respect to counts one, two, four and five. With respect to count three, the defendant's motion for summary judgment is granted as to the claims for tortious interference, misappropriation and breach of fiduciary duty, and denied as to the unjust enrichment claim.
KARAZIN, J.