[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, A. Aiudi Sons, LLC ("Aiudi"), appeals from a final decision of the defendant, Plainville Planning and Zoning Commission ("the commission"), denying its application for a zoning change. Aiudi is the owner of residentially zoned property located on camp Street in Plainville, connecticut. (Return of Record ("ROR"), Item G, Application of A. Aiudi Sons, LLC.) The property abuts a residential neighborhood and an existing concrete plant operated by Aiudi.
On May 13, 1997, the commission scheduled a public hearing on Aiudi's application to change the zone from residential to industrial. (ROR, Item M(h), Certified Copy of Minutes of May 13, 1997 Plainville Planning and Zoning Commission Meeting.) At the hearing, a dispute arose between Aiudi and neighboring property owners over whether a 1983 plan of development was binding on the commission or whether a 1997 plan of development should be utilized for guidance. The commission, at the suggestion of the town planner, held the hearing open to obtain an opinion of the town attorney. (ROR, Item I (n), Copy of Letter from Grogry P. Granger, Esq. to Plainville Planning and Zoning Commission dated May 13, 1997, pp. 20-25, 12-13.)
The town planner asked the commission whether the matter should be submitted to the town attorney, Robert Michalik, or whether special counsel should be recommend. (ROR, Item I (n), p. 13.) The commission decided that the matter should be referred to Attorney Michalik. (ROR, Item I (n), p. 13.) Aiudi objected to the referral, but recognized the commission's right to make such a referral. (ROR, Item I (n), pp. 13-14.) Aiudi stated no objection to the referral to Attorney Michalik during the May 13, 1997 public hearing.
Subsequent to this hearing, Aiudi did object to the appointment of Michalik. The basis of this objection was that Michalik's law firm represented three of the neighbors who were opposed to the zoning change in other matters and that his law firm held a mortgage on properties adjacent to the proposed zone change. Aiudi's counsel wrote his objections on May 14, 1997, and also stated them at the next meeting of CT Page 5555 the commission on June 10, 1997. (ROR, Item M(j), Certified Copy of Minutes of June 10, 1997 Plainville Planning and Zoning Commission Meeting, p. 15.) At this same meeting, the completed opinion by Michalik was distributed.
The commission, during the meeting of June 10, 1997, decided to allow for another opinion of special counsel. (ROR, Item M(j), p. 30.) Attorney Michalik thereupon appointed Thomas Byrne as special counsel to render an independent opinion on the plan of development. (ROR, Item I (y), Copy of Letter from Robert A. Michalik, Esq. To Thomas P. Byrne, Esq., dated June 17, 1997.)
On June 19, 1997, Attorney Byrne issued an opinion to the commission. (ROR, Item I (z), Copy of Letter from Thomas P. Byrne, Esq., to Mary M. Hughes dated June 19, 1997; Supplemental Return of Record, Item SR-1, Copy of Letter from Thomas P. Byrne to Ms. Mary M. Hughes, AICP dated June 19, 1997.). The zoning change was eventually voted upon at the September 9, 1997 meeting of the commission. The vote (4-3) favored Aiudi, but the application was denied due to the lack of a favorable fifth vote. (ROR, Item M(n), Certified Copies of Minutes of September 9, 1997 Plainville Planning and Zoning Commission Meetings, p. 27.) This appeal followed.
The sole issue raised by Aiudi in its brief is that the participation of town attorney Michalik created an appearance of impropriety which requires the court to void the decision of the commission denying the zoning change. The court agrees that when the town attorney issues a ruling to a town board or commission, he must not have a conflict of interest with his private clients. This principle of neutrality is found in federal and state due process decisions; see, e.g., Clisham v. Boardof Police Commissioners, 223 Conn. 354 (1992); decisions interpreting state statutes; see, e.g., Mills v. Town Plan Zoning Commission,144 Conn. 493 (1957); and has been adopted in the code of ethics of the town of Plainville, § 1(D). As our Supreme Court declared in the precedent-setting case of Low v. Madison, 135 Conn. 1, 8 (1948): "His status forbids the public officer from placing himself in a position where his private interest conflicts with his public duty."
The court disagrees with Aiudi, however, on the standard to judge alleged violations of this rule and when the court must take steps against possible violations. Where administrative officials are involved, the standards for disqualification "do not rise to the heights of those prescribed for judicial disqualification . . ." (Citations omitted.)Petrowski v. Norwich Free Academy, 199 Conn. 231, 238 (1986). As the court in Transportation General, Inc. v. Dept. of Insurance, 236 Conn. 75,76 (1996) stated: "To overcome the presumption of impartiality that CT Page 5556 attends administrative determinations, a plaintiff must demonstrate either actual bias or the existence of circumstances indicating `a probability of . . . bias too high to be constitutionally tolerable. . . .'" (Citations omitted.) See also Emonds v. Lumberman's Mutual CasualtyCo., 49 Conn. App. 374, 377 (1998) (burden on plaintiff to show actual, not mere potential, bias); Halpern v. Board of Education, 45 Conn. Sup. 171,191, aff'd, 243 Conn. 435 (1997) (requiring actual bias).
In addition, General Statutes § 4-183 (j) requires the court to affirm the decision appealed from unless the court finds that "substantial rights of the person appealing have been prejudiced because the administrative findings . . . conclusions, or decisions are. (3) made upon unlawful procedure. . . ." Our Supreme Court has emphasized this point in Goldberg v. Insurance Department, 207 Conn. 77, 82-83
(1988): "In order for a reviewing court to reverse or modify an agency's decision, [§ 4-183 (j)] requires the court to find that substantial rights of the appellant have been prejudiced."
Here, on June 10, 1997, the commission decided it was appropriate to bring in another attorney as a special counsel to give advice on the plan of development issue and on any other matter concerning Aiudi's application. The likelihood of a direct conflict of interest by attorney Michalik and any prejudice to Aiudi became remote at that point.
Aiudi points out that Michalik released his own opinion to the commission on June 10, 1997, the date that special counsel was brought into the matter. In addition, Aiudi raises the point that Michalik shared his opinion with Byrne when Michalik wrote to Byrne assigning him to the matter. Finally, Aiudi points to the Michalik's firm as having a mortgage on an adjacent parcel to the site of the zone change. As a factual matter, the court finds that these contentions did not at the time of the commission's decision, and do not now, constitute a direct conflict of interest by Michalik due to the fact that Byrne had entered the case. With the deference due to administrative agencies, the court cannot hold the zoning process tainted when the board provided for a second opinion after the charge of conflict of interest was raised.
Accordingly, the court finds the issues of the appeal in favor of the commission and hereby dismisses the plaintiffs appeal.
___________________ Henry S. Cohn, Judge