CYNTHIA D. REINKE, ADMINISTRATRIX (ESTATE OF ROBERT G. DEMARKEY) *v.* GREENWICH HOSPITAL ASSOCIATION ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, SPEZIALE and HEALEY, Js.

Argued January 11—decision released April 25, 1978

*Frederick L. Comley,* with whom were *Ronald D. Williams* and *Dwight F. Fanton,* for the appellants (defendants).

*Howard A. Jacobs,* with whom were *Jean L. Welty* and *Bruce D. Jacobs,* for the appellee (plaintiff).

LOISELLE, J.   The plaintiff brought an action seeking damages in the United States District Court, District of Connecticut, alleging that, as a result of a negligently performed tonsillectomy, the plaintiff's decedent had died.   Following a pretrial hearing, all counsel agreed to submit the case to arbitration and George E. McGoldrick, a member of the Connecticut and federal bars, was selected as arbitrator.   The plaintiff's counsel prepared the submission agreement which provided that the arbitration should be conducted under the rules of the American Arbitration Association.

Before the hearing proceeded, the plaintiff's counsel raised the question of McGoldrick's taking an oath.   All counsel agreed that they had confidence in McGoldrick and that he would properly perform his duties as arbitrator whether or not an oath was administered.   The plaintiff's counsel consented to the fact that an oath need not be administered to

the arbitrator. No oath was administered to the arbitrator either before he commenced his duties as arbitrator or during the course of the hearing. The requirement that the arbitrator take an oath was never waived in writing by the parties to the arbitration agreement. The plaintiff's counsel drew up and executed with other counsel stipulations extending the time for the arbitrator to make his award on two occasions before the arbitrator filed his decision.

The arbitrator filed his decision, finding the issues for the defendants. The plaintiff applied to the Superior Court to vacate the award under General Statutes § 52-418 on the ground that the arbitrator had not been sworn as required by General Statutes § 52-414 and that there was no written waiver of the oath. The court granted the application and from this judgment the defendants have appealed.

General Statutes § 52-414 states in part that "[b]efore hearing any testimony or examining other evidence in the cause, the arbitrators and umpire shall be sworn to hear and examine the matter in controversy faithfully and fairly and to make a just award according to the best of their understanding, *unless the oath is waived in writing by the parties to the arbitration agreement.*" (Emphasis added.)

At common law, it was not necessary that the arbitrators be sworn before entering their duties except pursuant to an express requirement in the submission agreement. 5 Am. Jur. 2d, Arbitration and Award, § 109. In 1929, by virute of 1929 Public Acts, chapter 65, the legislature enacted what is now chapter 909 of the General Statutes which, in

effect, rendered arbitration contracts subject to specific statutory requirements, eliminating the weakness inherent in written agreements to arbitrate and providing guidelines for acceptance or rejection of awards. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 62, 82 A.2d 345; see also *Yale & Towne Mfg. Co.* v. *International Assn. of Machinists,* 15 Conn. Sup. 118.

The defendants claim that the statutory requirement that a waiver of the arbitrator's oath be in writing was itself waived by the plaintiff, or, alternatively, that the plaintiff is estopped from asserting that claim. It would serve no purpose to repeat the extended discussion on waiver and estoppel and the citations of authorities made in *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 316 A.2d 394. A necessary element to waiver is the requisite knowledge of the right. Id., 562; *Ward* v. *Metropolitan Life Ins. Co.,* 66 Conn. 227, 240, 33 A. 902; *Hoxie* v. *Home Ins. Co.,* 32 Conn. 21, 40. Waiver presupposes a full knowledge of an existing right or privilege and something done designedly or knowingly to relinquish it. 28 Am. Jur. 2d, Estoppel and Waiver, § 158. There is nothing in the finding, or in those draft findings which were requested to be made a part of the finding, that indicates that counsel or the arbitrator were aware of the requirement of General Statutes § 52-414 that an oath be administered unless waived in writing. The most that can be said is that when the question was raised as to whether the arbitrator should be sworn, it was "agreed that they all had confidence in Mr. McGoldrick, and whether or not an oath was administered he would indeed properly perform his duties as arbitrator." Neither the fact that the plaintiff raised the question of the oath,

nor the fact that he agreed that no oath need be administered, indicates actual knowledge of a right which was intentionally relinquished. The court was not in error in its conclusion that "[t]he plaintiff did not waive the requirement of an oath by the arbitrator."[1] *State* v. *Hartley,* 75 Conn. 104, 109, 52 A. 615; cf. *State* v. *DeGennaro,* 147 Conn. 296, 303–304, 160 A.2d 480.

The defendants further claim that the plaintiff, having agreed that the arbitrator need not be sworn, is estopped from attacking the award on that ground. The idea of submitting this case to arbitration originated with the plaintiff's counsel, and, when all parties agreed, he drafted the submission agreement. The facts relevant to the oath of the arbitrator have been previously stated.

"There are two essential elements to an estoppel— the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." *Fawcett* v. *New Haven Organ Co.,* 47 Conn. 224, 227; *Jensen* v. *Nationwide Mutual Ins. Co.,* 158 Conn. 251, 261, 259 A.2d 598; *Spear-Newman, Inc.* v. *Modern Floors Corporation,* 149 Conn. 88, 91, 175 A.2d 565; *Tradesmens National Bank* v. *Minor,* 122 Conn. 419, 424, 190 A. 270; see *Novella* v. *Hartford Accident & Indemnity Co.,* supra, 563. "[I]t

---

[1] Even if we assume, without deciding, that pursuant to the parties' agreement the rules of the American Arbitration Association relating to waiver were applicable, those rules, too, require a knowledge of the right before the same can be waived. Commercial Arbitration Rules of the American Arbitration Association § 37.

is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." *Pet Car Products, Inc.* v. *Barnett,* 150 Conn. 42, 54, 184 A.2d 797; *Linahan* v. *Linahan,* 131 Conn. 307, 327, 39 A.2d 895.

When we review the facts found by the court in light of those principles, it is apparent that all parties acted in concert with no intent on anyone's part to induce another to act to his detriment. Counsel for the defendants, as well as the arbitrator himself, were as able as the plaintiff's counsel to determine the state of the law. This comment is not meant to fault any counsel for not knowing of the specific requirements of a particular statute. Where, however, as here, none of the counsel was cognizant of the requirements of a pertinent statute, such lack of knowledge cannot be used against one of those counsel in the absence of evidence indicating that that counsel *intentionally* induced the others to act to their detriment.

The defendants urge that a party to arbitration should not be permitted to agree with other parties that an arbitrator need not be sworn, to proceed with the hearings without objection, and then to seek to vacate an unfavorable award on the very procedural step he had agreed was unnecessary. Whatever one's sentiment may be, it cannot control where it is shown that a statutory requirement, neither waived nor subject to the doctrine of estoppel, has not been followed. The trial court erred in its reasoning; this court may, however, affirm a trial court's decision although based upon an erroneous ground if the same result is required by

law. Maltbie, Conn. App. Proc. § 36. The subordinate facts found support the conclusion we have reached.

There is no error.

In this opinion the other judges concurred.