[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE AND/OR CORRECT ARBITRATION AWARD (#102) AND ON MOTION TO CONFIRM ARBITRATION AWARD (#102.50)
I. FACTS
On July 24, 1993, the plaintiff, Edward J. Zavaski, Jr., filed an application to confirm an arbitration award rendered in his favor on July 16, 1993. On August 13, 1993, the defendant, World Wide Financial Services of Central Connecticut, Inc., filed a motion to vacate and/or correct the arbitration award.
The relevant facts are as follows: On January 14, 1992, the plaintiff sold the defendant corporate stock pursuant to a purchase and sale agreement. (Application to Confirm, Exhibit A.) The agreement provided that the plaintiff, who had been an officer, director and shareholder in the defendant's insurance sales business, would receive payments CT Page 8451 from January 1992 through December 1996. The defendant claimed in its motion to vacate and/or correct the award that the arbitrator's award of the payments for the years 1994-96 were too speculative to calculate. The contract calculated the purchase price based on the amount of premium from policies sold each year from the plaintiff's book of business. Thus, the payments change every year according to the number of policies sold the previous year.
The purchase and sale agreement also provided that all disputes shall be resolved by a submission to the American Arbitration Association (AAA), and shall be governed and construed in accordance with the laws of the State of Connecticut.
On May 20, 1993, the plaintiff, pursuant to the arbitration clause in the purchase and sale agreement, submitted a demand for arbitration in order to arbitrate whether the defendant breached the contract and, if so, to award damages. (Plaintiff's Brief in Opposition to Defendant's Motion to Vacate and/or Correct, Exhibit B.) In its description of the nature of the dispute appended to its demand for arbitration, the plaintiff claimed that the defendant breached the purchase and sale agreement by failing to make payments as they came due. The plaintiff also claimed that the default triggered an acceleration clause in a security agreement that is incorporated by reference in the purchase and sale agreement. The plaintiff, therefore, requested that the arbitrator award damages for payments in default and future payments. Plaintiff also requested expenses incurred for the arbitration.
The arbitrator rendered an award on July 16, 1993, finding that the defendant should pay the plaintiff the sum of $42,883.80 plus attorney fees, administrative fees, and expenses. (Application to Confirm, Exhibit B.) The plaintiff applied within the time limits set forth in General Statutes Sec. 52-417 to the Superior Court to confirm the arbitration award.
On August 13, 1993, the defendant filed a motion pursuant to Practice Book Secs. 52-418 and 52-419 to vacate or correct the award as well as an objection to the plaintiff's application to confirm the award. The defendant sets forth two Grounds in its motion to vacate or correct the award. The first ground asserts that the arbitrator was not properly sworn pursuant to General Statutes Sec. 52-414. The second CT Page 8452 ground asserts that the arbitrator exceeded his powers pursuant to General Statutes Sec. 52-418 (a)(4) by failing to apply Connecticut law in arriving at an award. In its brief in support of its motion to vacate or correct, the defendant makes two arguments supporting its claim that the arbitrator failed to apply the laws of Connecticut. The first argument is that future damages were so speculative that the arbitrator went beyond its powers in awarding them. The second argument is that the arbitrator failed to find that no contract had ever been formed due to mutual mistake of a material fact.
The application to confirm was granted by this court on August 16, 1993. However, on August 16, 1993, the defendant's attorney filed a motion to vacate the judgment on the ground that he was not given an opportunity to argue the motion, which motion for the purpose of this decision is hereby granted (#103).
On August 23, 1993, the plaintiff filed a brief in opposition to defendant's motion to vacate or correct the award.
II. DISCUSSION
A. Scope or Review:
Arbitration arises by contract between the parties, and the scope of the arbitrator's power to decide the dispute is limited by the language in the submission and General Statutes Sec. 52-418. Garrity v. McCaskey, 223 Conn. 1, 5,612 A.2d 742 (1992); Trumbull v. Trumbull Police Local 1745,1 Conn. App. 207, 212, 470 A.2d 1219 (1984). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v. McCaskey, supra. In the present case, the submission contains no limiting language reserving rights or conditioning the award on court review in the submission. "When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." Garrity v. McCaskey, supra, 4. CT Page 8453
B. Timeliness:
A confirmation of an arbitration award has the same effect as a civil judgment. General Statutes Sec. 52-421 (b). A party must move to set aside a civil judgment within four months of the rendering of the judgment. General Statutes Sec. 52-212a. The defendant has properly filed to set aside the judgment confirming the arbitration award, as it filed a motion to vacate the judgment the same day it was rendered.
A motion to vacate and a motion to correct must be filed within thirty days of the award for the court to have subject matter jurisdiction to hear the motion. General Statutes Sec. 52-420 (b); see Middlesex Ins. Co. v. Castellano,225 Conn. 339, 344, A.2d (1993). It is decided that the defendant met the thirty day limitation prescribed by General Statutes Sec. 52-420 (b) for filing a motion to vacate or correct an award and, accordingly, the court has jurisdiction to consider the defendant's motion. See Id.
C. Arguments of the Parties:
1. Oath:
The defendant claims in its motion to vacate and/or correct the award that the arbitrator's oath was defective. Arbitrators are required to swear an oath, "to hear and examine the matter in controversy faithfully and fairly and to make a just award according to the best of their understanding, unless the oath is waived in writing by the parties to the arbitration agreement." General Statutes Sec. 52-414 (d); Middletown v. Police Local, No. 1361, 187 Conn. 228, 230 n. 2,445 A.2d 322 (1982).[1] As the defendant points out in its memorandum, "the arbitrator [may not] hear any testimony . . . until he has been sworn. . . ." Textile Workers Union v. Uncas Printing Finishing Co., 19 Conn. Sup. 385, 387, 115 A.2d 473
(Super.Ct. 1955).
There is no defect in the arbitrator's oath which is located at the bottom of the AAA notice of appointment. The arbitrator apparently invoked his right under General Statutes Sec. 1-23 to take a solemn affirmation administered in the form of the oath.
When any person, required to take an oath, CT Page 8454 from scruples of conscience declines to take it in the usual form or when the court is satisfied that any person called as a witness does not believe in the existence of a Supreme Being, a solemn affirmation may be administered to him in the form of the oath prescribed, except that instead of the word "swear" the words "solemnly and sincerely affirm and declare" shall be used and instead of the words "so help you God" the words "upon the pains and penalties of perjury or false statement" shall be used.
General Statutes Sec. 1-23. In the present case, the arbitrator substituted the words "affirms and" for "being duly sworn" and the word "affirmed" for the word "sworn." An affirmation is a valid substitute for an oath when a person, according to his conscience, objects to the form of an oath or does not believe in a Supreme Being. General Statutes Sec.1-23. It is found that the affirmation satisfies the requirements of an oath under General Statutes Sec. 52-414 (d).
Furthermore, a failure to take the oath; Reinke v. Greenwich Hospital Assn., 175 Conn. 24, 29-30, 392 A.2d 966
(1978); or a delay in taking the oath; Vincent Builders, Inc. v. American Application Systems, Inc., 16 Conn. App. 486,547 A.2d 1381 (1988), cert. denied, 210 Conn. 809. 556 A.2d 608
(1980); does not require rescission of the arbitrator's award. "General Statutes Sec. 52-418 delineates the grounds upon which an arbitration award may be vacated. That list does not include an irregularity in the swearing in process as one of those grounds." (Footnote omitted.) Vincent Builders, Inc. v. American Applications, Inc., supra, 492. Even if there was a defect in the arbitrator's oath in the present case, the court will not vacate the award on this ground.
2. Modification of Award:
The defendant requests that the court modify the award by adjusting the original equation used to calculate payments due under the contract. The defendant seeks to adjust the equation to reflect the actual amount of loss sustained by plaintiff's book of business. The defendant also requests that the court eliminate the award for future damages, leaving only the award for the amount past due. CT Page 8455
General Statutes Sec. 52-419 (a) provides, the Superior Court shall order a modification or correction of an arbitration award if there was a miscalculation, if the award pertained to a matter not submitted to the arbitrator, or if the award is imperfect in form. An award cannot be corrected if the merits of the controversy would be affected. Pratt, Read Co. v. United Furniture Workers, 136 Conn. 205, 208,70 A.2d 120 (1949); Local 63, Textile Workers Union v. Cheney Bros., 141 Conn. 606, 621, 109 A.2d 240 (1954) (O'Sullivan, J. dissenting), cert. denied, 348 U.S. 959, 75 S.Ct. 449,99 L.Ed. 748 (1955).
The defendant argues that, because of mutual mistake, the calculation should be modified to reflect the actual loss in the plaintiff's — book of business, rather than the estimate projected by the parties at the time of making the agreement. In this court's opinion modifying the original equation in the contract would be a decision on the merits rather than a correction of a miscalculation, as the court would be deciding that the contract was not properly formed.
Since the defendant does not argue that there was a clerical error in either claim for correction, it is determined that the court has no ground on which to correct the award. Practice Book Sec. 52-419 (a); Pratt, Read Co. v. United Furniture Workers, supra.
3. Future Payments:
The defendant requests that the court vacate the award on the ground that the award of future damages was so speculative that the arbitrator exceeded his powers in awarding them.
In the present case, the parties submitted a request that the arbitrator determine damages from the alleged breach of contract. The damages requested in the demand included a request for the determination of future damages triggered by the acceleration clause in the security agreement. The arbitrator did award an amount greater than the amount claimed by the plaintiff as past due. The arbitrator awarded an amount of future damages which must have been based on an interpretation of the acceleration clause.[2] Consequently, the award conforms to the requests in the submission, and it CT Page 8456 appears that the court should not review the decision. Garrity v. McCaskey, supra. 4. See also Masters v. Masters,201 Conn. 50, 70, 513 A.2d 104 (1986).
However, the court does review the award of future damages and finds that the arbitrator did not exceed his powers. General Statutes Sec. 52-418 (a)(4) provides that the Superior Court shall order that the arbitration award be vacated, "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The Supreme Court recently expanded the scope of General Statutes Sec. 52-418 (a)(4) to include "manifest disregard of the law" as one of the ways in which an arbitrator can exceed his powers. Garrity v. McCaskey, supra, 7-9. However, "manifest disregard of the law," as a "ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Id., 10.
 "[M]anifest disregard of the law" "clearly means more than error or misunderstanding with respect to the law. . . . The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term `disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. . . . Judicial inquiry under the `manifest disregard' standard is therefore extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it."
Id., 9 quoting with approval, Merrill Lynch, Pierce, Fenner Smith, Inc. v. Bobker, 808 F.2d 930, 933-34 (2d Cir. 1986). The court has refused to review an award where the contesting party alleged that the arbitrator acted with "manifest disregard for the law." Carabetta Builders, Inc. v. Hotz Corporation, CT Page 845730 Conn. App. 157, 161-62, 619 A.2d 13 (1993). In Carabetta, the party failed to allege the arbitrator acted with improper conduct. Id. The court stated, the "allegations . . . focus on the weight of the evidence presented to the arbitrator, which is not a proper subject of review on an unrestricted submission." Id. Similarly, the defendant in the present case has not alleged improper conduct by the arbitrator. The defendant merely asks the court to review the weight of the evidence regarding the estimation of future damages. Therefore, it is determined that the defendant has not established that the arbitrator exceeded his powers.
Submitting the issue of damages to the arbitrator without a limitation, other than a $10,000 cap, gave the arbitrator the power, "to exercise his own judgment and discretion and to render an appropriate award of damages." Board of Education v. Waterbury Teachers' Assn., 174 Conn. 123, 128,384 A.2d 350 (1977). Connecticut law of contracts provides that "`[u]nless they are too speculative and remote, prospective profits are allowable as an element of damages whenever their loss arises directly from and as a natural consequence of the breach.'" West Haven Sound Development Corporation v. West Haven, 201 Conn. 305, 320, 514 A.2d 734 (1986), quoting Kay Petroleum Corporation v. Piergrossi, 137 Conn. 620, 624,79 A.2d 829 (1951). "[Prospective profits] are very often involved in some uncertainty and can be determined only approximately upon reasonable and probable estimates." Kay Petroleum Corporation v. Piergrossi, supra. See also Fuessenich v. DiNardo, 195 Conn. 144, 153, 487 A.2d 514
(1985). Thus, Connecticut law permits calculation of future damages for a breach of contract, "by approximation based on reasonable inferences and estimates." Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 541,546 A.2d 216 (1988). The arbitrator was applying Connecticut law that allows a determination of future damages. The defendant seeks judicial review on the application of the correct law to the weight of the evidence, which is not subject to judicial review. Garrity v. McCaskey, supra, 4; Carabetta Builders, Inc. v. Hotz Corporation, supra.
In the court's opinion, the defendant has not met its burden of proof. "`"[T]he burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it."'" (Citations omitted.) AFSCME v. New Britain, 206 Conn. 465, 472, 538 A.2d 1022 (1988). The issue CT Page 8458 pertinent to future damages is one of sufficiency of proof, not whether there is a right to recovery. Maguire v. Kiesel,86 Conn. 453, 461, 85 A. 689 (1913). Judicial review of an award of damages proceeds under the abuse of discretion standard. See Robert S. Weiss Associates, Inc. v. Wiederlight, supra. The defendant has not presented any facts disputing the existence of an acceleration clause nor has it submitted an explanation of how the arbitrator improperly calculated future damages. The defendant has merely asserted that some of the awarded damages are based on profits from future years. Since the arbitrator is entitled to approximate future damages from the evidence, it is found that the defendant has not met burden of proof.
4. Mutual Mistake:
The defendant argues that the arbitration award should be vacated on the grounds that the purchase and sale agreement was not an enforceable contract because the parties contracted with the mutual mistake that the loss in the plaintiff's book of business would be less than it actually turned out to be.
Although this court is of the opinion that the issue of mutual mistake is not reviewable, as the arbitrator's award conforms to the submission, Garrity v. McCaskey, supra, 4, it will review it. The submission did not request the arbitrator to determine whether the purchase and sale agreement was properly formed. Thus, it was not within the power of the arbitrator to determine whether the parties made a mutual mistake such that the contract was never formed. See Id., 5.
In reviewing the claim the court finds that there was no mutual mistake. Rather, the loss anticipated from plaintiff's book of business was a market risk assumed by the parties. "Future market predictions are not the sort of mutual mistake that will support the remedy of rescission. See Buol Machine Co. v. Buckens, 146 Conn. 639, 153 A.2d 826
(1959)." Wooldridge v. Exxon Corporation, 39 Conn. Sup. 190,193, 473 A.2d 1254 (Super.Ct. 1984).
 To justify rescission of a contract, however, a mistake must be of an existing or past fact. 17 Am.Jur.2d, Contracts Sec. 143. Mistakes in predicting the future, understandably, CT Page 8459 cannot form the basis for rescinding a contract. United States v. Garland, 122 F.2d 118, 122 (4th Cir.), cert. denied, 314 U.S. 685, 62 S.Ct. 189, 86 L.Ed. 548 (1941); Herman v. Mutual Life Ins. Co. of New York, 108 F.2d 678, 680-81 (3d Cir. 1939). While it is clear that neither party contemplated the exact changes . . . the future brought, changes in economic conditions are always at risk in business agreements.
Wooldridge v. Exxon Corporation, supra, 192-93. "Where a party realizes he has only limited information upon the subject of a contract, but treats that knowledge as sufficient in making the contract he is deemed to have assumed the risk of a mistake." Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 408, 456 A.2d 325 (1983), citing 1 Restatement (Second) Contracts Sec. 154(b). The parties were aware of the uncertainty of the future, and obviously underestimated the demand for insurance policies. However, since they failed to explicitly allocate risk in the contract, it is decided that both parties bear the risk of market fluctuations, and there is no mistake. 3 Corbin on Contracts, Sec. 598, 586; Sec. 605, 638; Sec. 1360, 484-85 (1960 rev. to 1992).
III. CONCLUSION
For the reasons herein stated, it is concluded that the court ought to and does hereby grant the plaintiff's application to confirm the arbitration award and denies the defendant's motion to vacate or correct the award.
It is so ordered.
ARENA, J.