[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO CONFIRM ARBITRATION (#100.1) AND MOTION TO DISMISS (#102)
This case comes before the court as an application to confirm an arbitration award filed by plaintiff, Sawmill Brook Racing Association, Inc. Also before the court is a motion to dismiss filed by two of the defendants, Dennis C. Stackhouse, individually, and The Mattabassett Group, Inc.
An "Agreement for Sale and Purchase of Real Estate" (Agreement) was entered into by the plaintiff, Sawmill Brook Racing Association, Inc., the seller, and one of the defendants, Boston Realty Advisors, Inc., the buyer. The other two named defendants are The Mattabassett Group, Inc. and Dennis C. Stackhouse, individually. The Agreement is signed by Dennis C. Stackhouse in his capacity as president of Boston Realty Advisors, Inc. and by Ronald H. Mooney in his capacity as president of Sawmill Brook Racing Association, Inc. In addition, the agreement is consented to and agreed to by Ronald H. Mooney, individually. The Mattabassett Group, Inc. and Dennis C. Stackhouse, individually, are not parties to the Agreement.
A dispute arose between Sawmill Brook and Boston Realty when the sale of the property was not completed due to the failure of Boston Realty to attain "Final Site Approval" as set out and defined in the Agreement. Agreement, 2(B), 2(c) (iii). Paragraph 15 is the Arbitration Clause of the Agreement which expressly provides that the parties to the agreement will arbitrate those matters that are not voluntarily resolved.
On November 22, 1993, the parties to the immediate dispute, Sawmill Brook Racing Association, Inc., plaintiff, and Dennis C. Stackhouse and The Mattabassett Group, Inc., defendants, appeared before this court. During a hearing on the merits, testimony was heard and reference was made to three promissory notes allegedly executed b, Ronald Mooney in favor of Dennis C CT Page 10679 Stackhouse in the total amount of 700,000. These notes were declared void and of no force and effect in the arbitrator's Finding and Order. Though referenced at the hearing, the notes were never entered into evidence. Regardless, it is apparently not disputed that the three notes were made payable to the individual Stackhouse in consideration of Stackhouse loaning his own personal money to the individual Mooney.
The plaintiff moves this court to confirm the arbitrator's award in total, claiming that these defendants "submitted" to arbitration and therefore are bound by the arbitrator's findings. The defendants Dennis C. Stackhouse and The Mattabassett Group, Inc. move to dismiss this action contending that the arbitrators had no jurisdiction over them because neither party is a named party to the Agreement that provided for arbitration.
Chapter 909 Conn. Gen. Statutes is entitled "Arbitration Proceedings". Arbitration is a creature of contract, the right and duties of the parties to the contract are governed by the statutory requirement of Chapter 909, Sec. 52-408 thru Sec. 52-424
Section 52-408 of the General Statutes provides in part:
 An agreement if any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally.
Although there is no particular form of words required to form an agreement to arbitrate, "the intent of the parties that arbitration be the exclusive method for the settlement of disputes arising under the contract must be clearly manifested. This express intent by both parties to enter into the arbitration agreement is essential to its existence." Domke, Commercial Arbitration Sec. 5.01, p. 49. "An agreement to arbitrate must be clear and direct and not depend on implication. Harry Skolnick and Sons v. Samuel J. Heyman, 7 Conn. App. 175, 179, 508 A.2d 64
(1986).
 Sec. 52-417. Application for order confirming award. At any time within one year after an award has been CT Page 10680 rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419.
 Sec. 52-418. Vacating award. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
 (b) If any award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators.
 (c) Any party filing an application pursuant to subsection (a) of this section concerning an arbitration award issued by the state board of mediation and arbitration shall notify said board and the attorney general, in writing, of such filing within five days of the date of filing.
Sec. 52-419. Modification or correction of award.
(a) Upon the application of any party to an arbitration, CT Page 10681 the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter or form not affecting the merits of the controversy.
 (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
Sec. 52-420. Motion to confirm, vacate or modify award.
 (a) Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay.
 (b) No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion.
 (c) For the purpose of a motion to vacate, modify or correct an award, such an order staying any proceedings of the adverse party to enforce the award shall be made as may be deemed necessary. Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith by the court or judge granting the order.
There has been no Application to Vacate the Award pursuant to Sec. 52-418 nor Application to Modify or Correct the Award pursuant to Conn. Gen. Stat. Sec. 52-419. Before the court is an Application to Confirm the Award pursuant to Sec. 42-417. It CT Page 10682 should be noted that each of the aforementioned statutes deals with the application being made by "any party to the arbitration."
If one is not a "party to the arbitration" that person would have no standing to make such an application. McCaffrey v. United Aircraft Corporation, 147 Conn. 139, 142, 157 A.2d 920 (1960). The question that presents itself is how the court determines who in fact is a party to the arbitration. In order to make that determination the court must look to the record of that proceeding. What constituted the record is set out in Conn. Gen. Statutes Sec.52-421.
 Sec. 52-421. Record to be filed with clerk of court. Effect and enforcement of judgment decree.
 (a) Any party applying for an order confirming, modifying or correcting an award shall at the time the order is filed with the clerk for the entry of judgment thereon, file the following papers with the clerk: (1) The agreement to arbitrate, (2) the selection or appointment, if any, of an additional or substitute arbitrator or an umpire, (3) any written agreement requiring the reference of any question as provided in section 52-415, (4) each written extension of the time, if any, within which to make the award, (5) the award, (6) each notice and other paper used upon an application to confirm, modify or correct the award, and (7) a copy of each order of the court upon such an application.
 (b) The judgment or decree confirming, modifying or correcting an award shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered. When the award requires the performance of any other act than the payment of money, the court or judge entering the judgment or decree may direct the enforcement thereof in the manner provided by law for the enforcement of equitable decrees.
This court must turn to the record on file to determine compliance with the filing requirement of Conn. Gen. Stat. Sec.52-421. "Application to Confirm an Arbitration Award" filed by the CT Page 10683 plaintiff consists of a copy of an "Agreement For Sale and Purchase of Real Estate" and the Finding and Order as fully hereinafter set out signed by the three individual arbitrators.
AMERICAN ARBITRATION ASSOCIATION
SAWMILL BROOK RACING ASSOCIATION, INC. : :
Claimant : : V. : : CASE NO. 116-89
BOSTON REALTY ADVISORS, : : MARCH 24, 1993
Respondents : :
FINDING
Respondents Boston Realty, Inc. and The Mattabassett Group, Inc. breached the Purchase Agreement by failing to use their best efforts to obtain final site plan approval as provided in Paragraph 2 of the Purchase Agreement.
ORDER
 1. Respondents Boston Realty, Inc. and The Mattabassett Group, Inc. are ordered to pay damage to Claimant Sawmill Brook Racing Association, Inc. in the amount of one million dollars plus interest at the rate of 10% per annum from April 13, 1991 to date of payment.
 2. The three notes issued by Ronald Mooney in favor of Dennis Stackhouse and referred to in the Stackhouse letter of April 13, 1988, (Exhibit 62) are declared to be void and of no force and effect. And, furthermore, the stock in Sawmill Brook Racing Association, Inc., held as security for said notes is ordered to be returned to Ronald Mooney.
 3. The parties are ordered to share equally the costs of the arbitration including transcription costs and to bear their own attorneys' and witness costs.
The Agreement is signed by Boston Realty Advisors, Inc. by: D. A. Stackhouse, President and Sawmill Brook Racing Association, Inc. CT Page 10684 by Ronald H. Mooney, President.
The Agreement also contains the following:
 The undersigned, Ronald H. Mooney, in his capacities both as a creditor and a stockholder of Sawmill Brook Racing Association, Inc., acknowledges the foregoing Agreement and hereby consents and agrees to the terms thereof and further agrees that he shall take all such actions in said capacities as are necessary and appropriate to cause said Agreement to be carried out and performed in accordance with its terms.
 s/ Ronald H. Mooney
Paragraph 15 of the Agreement states:
15. Arbitration
 The Buyer and the Seller agree that should any matter addressed by this Agreement be incapable of voluntary resolution by them, said matter shall, at Buyer's sole election, either be determined by appropriate proceedings in the United States Bankruptcy Court for the District of Connecticut to the extent it maintains jurisdiction with respect thereto or be submitted to and resolved by arbitration pursuant to the commercial arbitration rules of the American Arbitration Association. Amounts held in escrow pursuant to the terms hereof, if any, may, at the request of either party, be deposited in an interest-bearing account during the period of such dispute. Upon conclusion of the aforesaid dispute, or upon written agreement of the parties, the escrow agent to the Seller or the Buyer in the amount specified by a final order, judgment, arbitration award or agreement. The cost of any arbitration shall be borne equally by the Buyer and the Seller and each party shall be responsible for its own attorneys' fees.
Neither Dennis C. Stackhouse nor The Mattabassett Group, Inc. is signatory to the Agreement nor are either of them referred to as parties to the Agreement. The "Finding and Order" is entitled Sawmill Brook Racing Association, Inc. claimant v. Boston Realty CT Page 10685 Advisors, Inc., et al. The court is unable to determine as to the identity of "et al" based upon the record filed pursuant to Conn. Gen. Stat. Sec. 52-421.
Paragraph two of the arbitrator's order merely refers to "three notes issued by Ronald Mooney in favor of Dennis Stackhouse and referred to in the Stackhouse letter of April 13, 1988, (Exhibit 62) are declared to be void and of no force and effect."
It is only by the testimony of Dennis C. Stackhouse that this court is able to determine the dates, amounts, payee and makers of the subject notes. This court does not even have the benefit of copies of the notes submitted with the Finding and Order or submitted as evidence on the current application and or motion. By testimony on the present Application the court is advised that the notes are in the amounts of $500,000, $100,000 and $100,000. These were personal loans from personal funds of Stackhouse, individually to Mooney, individually.
When Application to Confirm the award of the arbitrator is made by a party, as has been done here by Sawmill Brook Racing Association, Inc., "[t]he court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in Sections 52-418 and 52-419." General Statutes Sec. 52-417. As previously stated, no such application has been filed pursuant to 52-418 nor 52-419 nor could it be so filed unless Stackhouse were a party or were to become a party to the arbitration by some act or event of which the court is not presently aware. In reading the appropriate statutes this court finds no authority where the court is permitted "Sua Sponte" to vacate and or modify an award.
The plaintiff relies on Schwarzschild v. Martin, 191 Conn. 316,321, 464 A.2d 774 (1983), to support its position that for a party to be bound by arbitration the party does not have to be a signor of the contract. This court agrees that the law is well settled on that question. "The statute requires only that the agreement between the parties be contained in a `written contract' or `separate writing'." Id. It is important to note that in Schwarzschild the party moving to have the arbitration found invalid had signed an addendum to arbitrate and in fact had initiated the proceedings and therefore participated in those proceedings.
In the present case, although the defendant Stackhouse and CT Page 10686 Mattabassett may have participated in the proceedings, neither had ever been a signatory to any agreement to arbitrate nor had either one initiated the proceedings.
This court recognizes however that the plaintiff claims something more than mere participation in the proceedings by the defendants. The plaintiff claims that written pleadings were filed by the defendants in the nature of an answer and counterclaim in the arbitration proceedings. This court has reviewed the plaintiff's "Memorandum in Opposition to Motion to Dismiss," to which are attached numerous exhibits including the referenced answer and counterclaim that plaintiff claims were filed in the arbitration proceedings.
In Bennett v. Meader, 208 Conn. 352, 545 A.2d 553 (1988), the parties had voluntarily submitted to arbitration by the American Arbitration Association (AAA). By doing so each party initiated the proceedings and participated. Neither the plaintiff nor the defendant completed the written submission agreement provided by the nor did the parties execute any other writing memorializing their agreement to arbitrate the dispute. Id., 354. That court held that "authority for arbitration must be derived from the agreement of the parties . . . and the relevant provisions of applicable statutory directives. . . ." Id., 356, citing W.J. Megin, Inc. v. State, 181 Conn. 47, 49, 434 A.2d 306 (1980).
The court in Bennett pointed out that "[i]n 1929, by virtue of 1929 Public Acts, chapter 65, the legislature enacted what is now chapter 909 of the General Statutes which, in effect, rendered arbitration contracts subject to specific statutory requirements. . ." Id., 356; citing Reinke v. Greenwich Hospital Association, 175 Conn. 24, 392 A.2d 966 (1978). Further, the court held that . . . "it is clear from this latchkey provision that only written agreements to arbitrate are valid. Oral agreements are not included, implicitly or explicitly, in the description of valid arbitration agreements. Id., 359.
In order for the plaintiff to prevail on its application to confirm the arbitration award this court must conclude 1) that there was an agreement to arbitrate, 2) that the defendants Dennis C. Stackhouse and Mattabassett Group, Inc. were not parties to that agreement and 3) that by participating in the arbitration proceedings, and or filing written pleadings they, Stackhouse and Mattabassett, submitted to binding arbitration. CT Page 10687
Neither statutory law nor case law support such findings. Without authority to bridge the gap this court is unable to scale the chasm.
The parties to the Agreement in the present case are Sawmill Brook Racing Association, Inc. and Boston Realty Advisors, Inc.
 Arbitration is a creature of contract and without a contractual agreement to arbitrate there can be no arbitration. . . Even though it is the policy of the law to favor settlement of disputes by arbitration . . . arbitration agreements are to be strictly construed and such agreements should not be extended by implication. . . Accordingly, the basis for arbitration in a particular case is to be found in the written agreement between the parties. . . . Persons thus cannot compel arbitration of a disagreement between or among parties who have not contracted to arbitrate that disagreement between or among themselves. (Internal citations omitted).
Wesleyan University v. Rissil Construction Associates, Inc.1 Conn. App. 351, 354-55, 472 A.2d 23 (1984).
Neither Dennis C. Stackhouse or The Mattabassett Group, Inc. are named parties to the Agreement and therefore neither party contracted to submit to arbitration. Therefore, Stackhouse and Mattabassett Group are not bound by the Finding and Order issued by the arbitrators.
"The authority of the arbitrator is a subject matter jurisdiction issue, and as such it may be challenged at any time prior to a final court judgment. . . . Thus, the plaintiffs' challenge to the arbitrator's authority after the award was timely." (Internal citations omitted). Bennett, supra, 364.
Motion to dismiss shall be used to assert 1) lack of jurisdiction over the subject matter. Conn. Practice Book Sec. 143.
Accordingly, motion to dismiss is granted.
Application to confirm is rendered moot.
JOHN WALSH, J. CT Page 10688