[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4369
I. Background
This action arises from the attempt by the Plaintiff Pamela J. Byrnes to petition under General Statutes § 9-407 for a challenge slate of delegates on her behalf from West Hartford for the 20th General Assembly District Democratic Party convention for the nomination of a Democratic Party candidate for that office. The 20th General Assembly District comprises parts of West Hartford and Hartford. Ten of the fifteen convention delegates are to be from West Hartford.
If the petition drive was successful, a delegate primary was to be held on May 21, 1996. On April 17, 1996, the last day for the filing of the same, Plaintiff Byrnes sought to file petitions containing more than the requisite number of signatures. The Defendant Eileen S. Horan, Democratic Party Registrar of Voters for the Town of West Hartford, rejected the petitions on the ground that one of the proposed delegates, named as required on the petitions, was not a registered Democrat.
The remaining named Plaintiffs are the ten proposed Byrnes' delegates. By agreement, Patrick Connors, a member of the party endorsed slate, was permitted to intervene as a party Defendant. Since the ruling by the Defendant Horan deprives the Plaintiffs of their otherwise statutory right to a primary, they are parties aggrieved.
It was incumbent upon the Plaintiffs to present a slate of ten delegates. General Statutes §§ 9-407 and 9-372(13)(A). Each such delegate must have been a then enrolled member of the Democratic Party in West Hartford. General Statutes § 9-407.
One of the proposed delegates, Lorraine Rubinow, in fact was not a member of the Democratic Party, and thus was ineligible. Because of her ineligibility, the rejected submitted petitions did not set forth a full slate of eligible persons as required.
The Plaintiffs claims in essence are as follows:
 1. The Plaintiffs Byrnes and Rubinow were misled to their detriment as to Rubinow's party affiliation by a member or members of the Defendant Registrar's Office, and thus the Defendant CT Page 4370 Registrar is estopped from refusing to accept the subject petitions requiring a primary.
 2. The Defendant Horan had no authority under General Statutes § 9-412 to reject the completed petitions when presented on April 17, 1996.
 3. Although it is conceded that the Plaintiff Rubinow is not eligible, the remaining Plaintiffs are entitled to replace her as provided in General Statutes § 9-426.
The complaint is in three counts. Count One seeks relief for the foregoing reasons under General Statutes § 9-329a. Counts Two and Three respectively seek declaratory judgment and mandamus relief, but are based on the factual allegations of Count One and jurisdiction under § 9-329a therein recited.
II. The Motion to Dismiss
The Court will first consider the Motion to Dismiss asserted by Intervening Defendant Connors, but not joined in by the Defendant Horan. The gist of the motion is that this Court lacks subject matter jurisdiction because the complaint was filed in the Superior Court Clerk's office rather than by its terms being made returnable to a specified judge thereof. The motion relies on the literal language of General Statutes § 9-329a, which in pertinent part reads as follows:
 Sec. 9-329a. (Formerly Sec. 9-449). Contests and complaints in connection with any primary. Any elector or candidate aggrieved by a ruling of an election official in connection with any primary . . . may bring his complaint to any judge of the Superior Court for appropriate action.
This Section then sets forth the permissible action to be taken by "such judge" and the timing therefor.
Section 9-329a provides an expedited procedure for handling complaints regarding pending or completed primaries. In each case, time is of the essence. The Intervening Defendant does not offer any procedure for bringing the complaint to a judge other than filing the same in the Clerk's Office.[1] Notwithstanding CT Page 4371 the literal language of § 9-329a authorizing action by "such judge," such action may be taken by any Superior Court Judge.Wrinn v. Dunleavy, 186 Conn. 125, 137 (1982).
The Complaint has been brought before a judge of the Superior Court and is being acted upon. The motion to dismiss is denied.
III. The Merits
A. Estoppel
The estoppel claim is predicated on purported misadvice given by members of the Defendant Registrar's Office. In March 1996, the Plaintiff Rubinow, upon being requested by the Plaintiff Byrnes to serve on the challenge petition slate, telephoned the Registrar's office to inquire of her party affiliation. She testified that an unnamed woman told her that she was a registered Democrat. Byrnes then listed her as a petition delegate. The Court has no reason not to accept Rubinow's testimony.
Plaintiff Byrnes testified that on April 11, 1996, when she brought in the delegate consent forms, she was advised that all was in order by the Assistant Registrar, who then typed the delegate names on the petition forms. Had that not been the case, Byrnes would have timely replaced Rubinow as a delegate.
There are two essential elements for an estoppel: the party must do or say something that is intended to induce another to believe in the existence of certain facts and to act in that belief, and the party so influenced must actually change his position or do some act to his injury which he otherwise would not have done. Reinke v. Greenwich Hospital Assn., 175 Conn. 24,28-29 (1978).
 In addition, estoppel against a public agency is limited and may be invoked . . . only with great caution . . . . [I]t is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge.
Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 148 (1987). CT Page 4372
It is conceded that the Plaintiff Rubinow was at all relevant times a registered Republican, and thus ineligible to serve as a delegate on the challenge slate. On March 5, 1996, several weeks prior to her aforementioned telephone call, she had voted in the Republican Presidential Preference primary. After that call, she was given a voting list of registered Democrats from her neighborhood. Her name was not listed, although another resident at her condominium complex address was so listed.
Similar voting lists of registered Democrats had been obtained by the Plaintiff Byrnes and her supporters both before and after she solicited Rubinow. Obviously, Rubinow's name was not on any of these lists. In addition, up-to-date voting lists were available for public inspection in four books and two computer screens on the counter of the Registrar's Office.
The onus was on the Plaintiff Byrnes and her supporters to comply with the pertinent statutory requirements, including to make certain that the entire challenge delegate slate consisted of registered Democrats. Resources therefor were readily available. Estoppel does not lie. Kimberly-Clark Corporation v.Dubno, supra.
B. Section 9-412
General Statutes § 9-412 concerns duties of the Registrar upon filing of the petitions. Plaintiffs contend that the Defendant Horan had no authority under § 9-412 to reject the petitions[2] on April 17, 1996. Therefore, they contend that the petitions had to be accepted, the primary scheduled, and the delegate vacancy created by Rubinow's ineligibility thereafter filled by the remaining delegates as provided in General Statutes § 9-426.
Section 9-412 provides in part:
 The registrar shall reject any page of a petition which does not contain the certifications provided in section 9-410, or which is determined by said registrar to have been circulated in violation of any other provision thereof.
Section 9-410 deals with the form of petitions and requirements for the circulators and circulation of the same. CT Page 4373 Neither § 9-410 nor § 9-412 specifically empower a registrar to reject petitions on the ground that a named delegate is ineligible.
The Legislature is presumed to have acted with knowledge of existing law and with intent to create one consistent body of law. Zachs v. Groppo, 207 Conn. 683, 696 (1988). "Insofar as it is possible, the entire enactment is to be harmonized, each part made operative." State v. Grant, 176 Conn. 17, 20 (1978).
Section 9-412 must be read in the context of the pertinent statutory requirements. The Legislature has clearly mandated that challenge petitions name an entire slate of delegates, in this case ten, and that all such delegates be enrolled members of the subject political party, in this case the Democratic Party. The subject petitions were clearly not in compliance. The Defendant Registrar cannot be compelled, by mandamus or otherwise, to accept petitions which are violative of law. West HartfordTaxpayers Assn., Inc. v. Streeter, 190 Conn. 736 (1983).
Judgment shall enter in favor of the Defendants. No costs are authorized or allowed for or against any party.
FINEBERG, J.