[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO VACATE ARBITRATION AWARD
Plaintiff brings its motion to vacate under 9 U.S.C. § 10,11 and 12.
Defendant brings its motion under C.G.S. § 52-417.
FACTS
Plaintiff is a Florida corporation with its principal place of business in Florida. It manufactured cutting tools including the Mil-Tec Freedom Cutter.
Defendant is a Connecticut corporation with its principal place of business in Connecticut. It is a marketer and CT Page 5438 distributor of machine tools including cutting tools.
On August 8, 1994, plaintiff and defendant entered into a agreement regarding distribution of plaintiff's product. That agreement provided for, among other things, the arbitration of disputes arising between the parties. The arbitration clause reads as follows:
 "8. Law, Forum, Dispute Resolution: Any dispute arising from or relating to this Agreement shall be resolved by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitration shall take place in Hartford, Connecticut. Connecticut law shall apply to this Agreement. The prevailing party in any arbitration proceeding shall recover from the other party, in addition to any award, its costs, including attorney's fees."
The parties had a dispute in regard to the termination of their relationship and on September 6, 1995 defendant filed a demand for arbitration with the American Arbitration Association (AAA).
The submission reads as follows:
"On August 8, 1994, Claimant, Dapra Corporation, signed an agreement with Respondent, MIL-TEC USA, Inc. wherein Dapra would assume certain marketing and sales responsibilities for product(s) manufactured by or for MIL-TEC USA, consisting chiefly of cutting parts for machine tools. Under the terms of this agreement, Dapra would have exclusive right to sell these products and MIL-TEC USA's distributors would be assigned to Dapra. The agreement, which contains an arbitration clause is attached hereto as Exhibit A.
In anticipation of the assumption of exclusive marketing duties and of the exclusive distribution of MIL-TEC USA products, Dapra hired additional personnel, trained its sales and distribution force, created promotional literature, and demonstrated MIL-TEC USA products at trade shows, all at a cost in excess of $100,000.00.
On January 1, 1995, when the MIL-TEC USA distributors were to be transferred to Dapra, MIL-TEC USA, delayed the takeover CT Page 5439 claiming that Dapra had not taken all necessary steps to prepare for the transfer. Finally, on April 1, 1995 exclusive right to sell MIL-TEC USA's products was transferred to Dapra. However, effective June 1, 1995 MIL-TEC USA, without cause, purported to terminate the agreement in breach of said agreement
In addition to the costs of preparing for and marketing MILTEC USA products in anticipation of the exclusive rights to sell the products, which sums have been lost as a result of the loss of this exclusivity, Dapra has suffered and will suffer losses of revenues for the 18 month exclusive sales period contemplated in the agreement and to such future time as the sales market that Dapra would have created with its won efforts would have continued. As a further result of MIL-TEC USA's, breach, Dapra will be unable to serve its customers to whom MIL-TEC USA, products had been sold — resulting in further losses. Dapra has also been left with in excess of $115,000.00 of MIL-TEC USA, inventory, which MIL-TEC USA is required to buy back and which is of little use to Dapra which cannot exclusively market the products.
Demand is hereby made on MIL-TEC USA, to pay Dapra money damages, to repurchase all existing inventory as required by the Agreement and for such other relief as the panel may deem just and appropriate."
The arbitration hearings were held on March 4 and 5, 1996. The arbitrator issued his award on May 9, 1996. The award was received by plaintiff on May 16, 1996. The award reads in pertinent part as follows:
 "The Respondent, MIL-TEC USA, Inc., is found to have breached the August 8, 1994, agreement by its several abrogations of the exclusivity provisions of that agreement. The Claimant, DAPRA CORPORATION, is therefore entitled to rescind the agreement and has elected to do so. DAPRA CORPORATION is accordingly entitled to recover its expenses to regain the status quo ante.
Those expenses are found to be $95,434.84.
 The Claimant, DAPRA CORPORATION is found to be the prevailing party and, in accordance with the August 8, 1994 agreement, entitled to recover counsel fees in the amount of $11,272.00." CT Page 5440
On June 12, 1996 plaintiff filed its motion to vacate and on or about June 14, 1996 defendant filed its motion to confirm. Briefs have been filed.
LAW
 I. CHOICE OF LAW
This matter is to be determined by the law of Connecticut C.G.S. § 52-408 et seq. Carabetta Builders, Inc. v. HotzCorporation, 30 Conn. App. 157, 159-160; Volt InformationSciences, Inc. v. Board of Trustees of Leland Stamford JuniorUniversity, 489 U.S. 468.
II. STANDARD FOR REVIEW
The plaintiff claims that the arbitrator "correctly stated the law of contract damages" but disregarded or misapplied that law in his award. Plaintiff argues that the arbitrator's action shows "a disregard for the law and is patently irrational".
This was an unrestricted submission. Garrity v. McCaskey,223 Conn. 1, 5. In such a situation the "award is not subject to de novo review even for errors of law so long as the award conforms to the submission". Garrity v. McCaskey, supra 4.
Even in an unrestricted submission there are three grounds for vacating an award. The one here applicable is when "the award contravenes one or more of the statutory proscriptions of [C.G.S.] § 52-418" Garrity v. McCaskey, supra 6.
That section, in relevant part, reads as follows:
 "Sec. 52-418. Vacating award. (a) Upon the application of any party to an arbitration, the superior court shall make an order vacating the award if it finds any of the following defects:. . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
The court can find no exceedance of powers or imperfect execution of them by the arbitrator. Nor can the court find that CT Page 5441 a mutual, final and definite award was not made.
If we take plaintiff's view that this court can consider whether there was "a manifest disregard of the law" we cannot find such.
Application to vacate denied.
Application to confirm granted.
Norris L. O'Neill, J.