[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed an application to vacate an arbitration award CT Page 15322 which award purports to respond to a submission by the parties seeking an interpretation of their commercial lease, and a monetary award regarding rent and other charges. The plaintiff claims that the award must be vacated because the arbitrators, three in number, failed to take the statutory oath before embarking upon their duties as required by C.G.S. § 52-414 (d)[1]. The plaintiff also bases its application upon an alleged failure of the arbitration panel to issue a mutual, final and definite award because it did not adjudicate all of the issues submitted, in violation of C.G.S. § 52-418 (a)(4), and because they did not render their award in a timely fashion, thus violating C.G.S. § 52-416 (a). The court finds that the application must be granted because the arbitrators were not sworn as required by C.G.S. § 52-414
(d).
The Supreme Court has made it clear that C.G.S. § 52-414 requires arbitrators to be "sworn to hear and examine the matter in controversy faithfully and fairly and to make a just award according to the best of their understanding, unless the oath is waived in writing by the parties . . ." C.G.S. § 52-414 (d). See Reinke v. Greenwich Hospital Assn.,175 Conn. 224, 392 A.2d 966 (1978). At the hearing in this matter, one of the arbitrators, Attorney Charles Needle, testified that he did not take such an oath as arbitrator. The parties stipulated that another arbitrator who participated would testify that he, too, took no oath. It appears clear that no oath was administered to the arbitrators at any time, nor was the oath waived pursuant to the statute, nor has any claim of estoppel been suggested.
The defendant does claim that the provisions of Section 52-414 (d) are directory rather than mandatory, and therefore the failure of the arbitrators to be sworn does not invalidate the award. This argument is based on the claim that C.G.S. § 52-416, regarding the timeliness of an arbitration award, specifically states than an untimely award "shall have no legal effect" unless the parties expressly extend the time in writing. C.G.S. § 52-416 (a); whereas § 52-414 (d), regarding arbitrators' oaths, does not. The court does not find merit in this argument. The different wording of § 52-416 does not diminish the clear and unambiguous language of § 52-414 (d) mandating that "[b]efore hearing any testimony or examining other evidence in the matter," the arbitrators shall be sworn. . .". C.G.S. § 52-414 (d).
Because this finding disposes of the plaintiff's application, the court does not address the plaintiff's remaining claims. The plaintiff's application to vacate the arbitration award is granted.
So Ordered. CT Page 15323
D'ANDREA, J.T.R.